**PORTO TRANSPORT, Incorporated, Plaintiff,**

v.

**CONSOLIDATED DIESEL ELECTRIC CORPORATION and Eur-Pac Corporation, Defendants.**

United States District Court
S. D. New York.
Nov. 8, 1957.

See also 20 F.R.D. 1.

Joseph M. Cohen, New York City, for plaintiff.

Hays, Podell, Algase, Crum & Feuer, New York City, Mortimer Feuer, Martin Mensch, New York City, of counsel, for defendants.

LEVET, District Judge.

The sole issue raised by plaintiff's motion under Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A., is whether it or the defendant Consolidated Diesel Electric Corporation (hereinafter referred to as Consolidated) is entitled to priority in the taking of depositions.

On October 15, 1957, plaintiff served by mail a notice to take the deposition of Consolidated by its president. The examination was scheduled to commence on October 24, 1957. On October 17, 1957, Consolidated delivered to the office of plaintiff's counsel a notice to take the deposition of plaintiff by its president and general traffic manager, said deposition to commence on October 23, 1957.

Plaintiff claims that its notice was the first to be served and that its examination of Consolidated is, therefore, entitled to priority. Consolidated, on the

other hand, argues that its notice was served first since under Rule 6(e) of the Federal Rules of Civil Procedure service of plaintiff's notice cannot be deemed to have been effected until three days after mailing. Rule 6(e) reads as follows:

"*Additional Time After Service by Mail.* Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

▉ In my opinion, this argument lacks merit since it ignores the plain language of Rule 5(b) of the Federal Rules of Civil Procedure, which provides that "Service by mail is complete upon mailing." This rule applies to a notice to take depositions. See O'Neill v. Blue Comet Cab Corp., D.C.S.D.N.Y.1953, 21 F.R.D. 161.

In Stover v. Universal Moulded Products Corp., D.C.E.D.Pa.1950, 11 F.R.D. 90, the court was confronted with a problem similar to that raised by the instant motion. The following excerpt from Judge Kirkpatrick's opinion is pertinent:

"Rule 5 does provide that 'Service by mail is complete upon mailing.' And, since the defendants mailed their notice of taking the deposition of the plaintiff's assignor half an hour before Pew was served, the defendants had priority in demand, and under the practice followed in this district with substantial uniformity would ordinarily have been entitled to proceed with the depositions before the plaintiff. * * *" At page 91.

▉ The general rule as to priority for the taking of depositions could not be applied in the Stover case, supra, since defendants' notice provided for the taking of depositions three days after mailing. In the case at bar, there exists no such cogent reason for deviating from the general rule as to priority.

Accordingly, plaintiff's motion is granted as follows:

1. The taking of Consolidated's deposition shall commence on November 18, 1957, at the hour and place designated in plaintiff's notice dated October 15, 1957.

2. The taking of plaintiff's deposition shall commence at a time to be agreed upon by the parties, but not later than one week after the completion of Consolidated's deposition. The deposition shall be taken at the place specified in Consolidated's notice dated October 17, 1957.

So ordered.