In re CENTURY THEATRE CO., Debtor,
City of Milwaukee, Appellant,

v.

TITLE GUARANTY COMPANY OF WIS·
CONSIN et al., Appellees.
No. 13225.

United States Court of Appeals
Seventh Circuit.
April 27, 1961.

John F. Kitzke, Asst. City Atty., John J. Fleming, City Atty., Ewald L. Moerke, Jr., Asst. City Atty., Milwaukee, Wis., for appellant.

Ralph M. Hoyt, Milwaukee, Wis., for appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and MERCER, District Judge.

KNOCH, Circuit Judge.

The debtor, Century Theatre Co., filed a petition for reorganization on September 13, 1954. The Court entered an order which, *inter alia*, restrained enforcement of liens against the debtor's property. The debtor's principal asset was a motion picture theatre, and the real estate on which it stood, in Milwaukee, Wisconsin. It was encumbered with mortgages aggregating $75,000.

City taxes for 1953 in the amount of $1,831.60 (plus interest) were delinquent and a lien on the realty. City taxes for 1954 in the amount of $2,254.02 became a lien on May 1, 1954. The United States also held a tax lien.

On September 20, 1954, the District Court entered an order setting a hearing for October 18, 1954, on the debtor's petition to sell the property for $92,500, free and clear of all liens except for $75,000 mortgages, which were to be satisfied out of the purchase price. Tax liens were to follow the proceeds of the sale. Determination as to amounts and priorities of such liens were to be made thereafter. The order of September 20, 1954, directed that notice of the October 18, 1954, hearing was to be given by mailing the same to all known creditors.

The notice [1] set out the fact that the hearing was being held to consider the petition and, in particular, the question of approving sale on the terms outlined above. One of the creditors was the City of Milwaukee which held liens for real estate taxes as indicated above.

Shortly before the hearing, another bid of $93,500 was received, which was increased to $95,000 at the hearing.

The hearing was not completed on October 18, 1954, but was adjourned to November 1, November 15 and November 18, 1954.

Notice of the October 18, 1954, hearing had been mailed to the City Treasurer of the City of Milwaukee. Assistant City Attorney Ewald Moerke appeared in response thereto on October 18, 1954. He was also present at the adjourned hearings.

On November 18, 1954, the prospective purchasers were allowed to withdraw their offers because the mortgagee refused to extend the due dates of the mortgages. Subsequently, on December 1, 1954, the mortgagee filed a commit-

---

[1]

United States District Court
for the Eastern District of Wisconsin.

| In the Matter of | | No. 30024 |
|---|---|---|
| Century Theatre Co., | | Proceedings for the Reorganization |
| a Wisconsin corporation, | | of a Corporation Under Chapter X |
| | Debtor. | of the Bankruptcy Act Notice. |

To the Creditors and Stockholders of Debtor:

Notice is Hereby Given that a hearing will be held in the above named court in its courtrooms in the Federal Building, in the City of Milwaukee, State of Wisconsin, on the 18th day of October, 1954, at 10:00 o'clock A.M., to consider Debtor's verified petition filed herein, and particularly approval of agreement for the sale of Debtor's theatre property and contents for ninety-two thousand five hundred ($92,500.00) Dollars free and clear of all liens and encumbrances, excepting first mortgages for seventy-five thousand ($75,000.00) Dollars, to L. F. Gran on behalf of a corporation to be organized by him in accordance with the terms of offer filed herein, fixing a broker's compensation on sale, and directing that all tax liens follow the proceeds of said sale, and determination as to the amounts and priorities of said liens be made thereafter and to consider all other questions which may be presented to the court at such hearing in reference to said petition and said sale.

Any offers for the purchase of said assets at higher prices are solicited by the undersigned.

Dated at Milwaukee, Wisconsin, this 20th day of September, A.D. 1954.

Century Theatre Co.
a Wisconsin Corporation
Debtor.

Hartwig & Westfahl
Attorneys for Debtor
238 W. Wisconsin Avenue,
Milwaukee, Wisconsin

ment to extend the due date. The $92,-500 offer was renewed, and a petition for approval of the sale on the same terms as previously proposed was filed December 15, 1954. The District Court set the matter for hearing on December 22, 1954, and directed notice to be given by mail as before.

Notice [2] was again mailed to the City Treasurer of the City of Milwaukee. The evidence shows that the notice was received in the City Treasurer's office and filed there, but that it was not transmitted to the office of the City Attorney.

At the hearing on December 22, 1954, (and later in his affidavit) Harvey C. Hartwig, counsel for the debtor, testified that he discussed the proposed sale with Mr. Moerke who had stated that he could not consent to the sale free of tax liens, but that he did not intend to appear at the hearing on December 22, 1954, because he would have no objections to offer. This statement has not been controverted.

On December 23, 1954, the District Court authorized the sale on the proposed terms. No appeal was taken from that order. The sale was consummated. The defendant, The Title Guaranty Company of Wisconsin, issued a policy of title insurance guaranteeing the purchaser's title free of all liens except the aforesaid mortgages.

The United States, which consented to the sale, claimed priority for its tax lien over that of the City. The priority question was referred to the Referee in Bankruptcy, acting as a Master. The City took part in the lengthy hearings held by this officer. On February 21, 1958, the Referee filed his Master's Report, in favor of the United States.

The City then, on March 4, 1958, filed its objections to the report and moved to vacate the order of December 23, 1954, in so far as it authorized sale free of the City's tax lien, on the ground that the City had no notice of the action. Affidavits in support of the motion stated that no copy of the order approving or confirming the sale was served on the City, and that the City Attorney was not

---

2.                    United States District Court
              for the Eastern District of Wisconsin.

| In the Matter of | No. 30024 |
|---|---|
| Century Theatre Co., | Proceeding for the Reorganization |
| a Wisconsin corporation, | of a Corporation Under Chapter X |
| Debtor. | of the Bankruptcy Act, Notice. |

To the Creditors and Stockholders of Debtor:

Notice is Hereby Given that a hearing will be held in the above named Court in its courtrooms in the Federal Building, at Milwaukee, Wisconsin, on the 22nd day of December, 1954, at 1:45 o'clock P.M., to consider Debtor's verified petition filed herein, and particularly approval of agreement for the sale of Debtor's theatre property and contents for Ninety-two Thousand five hundred ($92,500.00) Dollars, free and clear of all liens and encumbrances, excepting principal of mortgages, for Seventy-five thousand ($75,000.00) Dollars, in accordance with terms of offer filed herein, directing that all tax liens follow the proceeds of said sale and that the validity, amount and priority of said liens be determined at a later date, and to consider all other questions which may be presented to the Court at such hearing in reference to said petition and said sale.

Dated at Milwaukee, Wisconsin this 15th day of December, 1954.

Century Theatre Co.
Debtor.

Hartwig & Westfahl
Attorneys for Debtor
238 W. Wisconsin Avenue,
Milwaukee 3, Wisconsin

made cognizant that there were insufficient funds to pay all tax liens until the time for appeal had expired. The City contended that authorization of such sale at a price which left nothing for the general creditors and which preserved inferior liens at the expense of superior liens, was erroneous.

The Title Guaranty Company of Wisconsin deposited with the District Court Clerk the amount needed to redeem the City's tax certificates ($6,146.29) to be turned over to the City if its motion to vacate were ultimately granted.

The District Court denied the City's motion to vacate the order of December 23, 1954, and this appeal followed. The City states its position as follows:

## I.

The District Court failed to obtain jurisdiction over the City of Milwaukee, a lien claimant. A lien claimant must receive a notice of hearing on any motion to sell a debtor's property free and clear of liens, and since the Federal Rules of Civil Procedure apply to bankruptcy, any notice not given in accordance with such rules is ineffective. The Federal Rules and Statutes of the State of Wisconsin require that in order to serve the City of Milwaukee either the Mayor or the City Clerk must be served. This was not done in the case at bar, and accordingly there was no jurisdiction over the City.

## II.

The sale of the property by the District Court in the instant case where it was clear that the sale price would be insufficient to pay the liens and there was no equity for general creditors was improvident and a clear abuse of discretion.

## III.

The District Court is without power to sell property of a debtor free and clear of a superior real estate tax lien and subject to an inferior mortgage lien in the absence of a positive consent of the superior lienor.

## IV.

The City of Milwaukee cannot be charged with laches in the instant case, because the City always took timely action. Even if the City had delayed the action, however, no one was injured as a result of the delay and, therefore, the doctrine of laches cannot be applied.

It is not questioned by any of the parties hereto that Order 37 of the General Orders in Bankruptcy [11 U.S.C.A. following section 53] does provide that the Federal Rules of Civil Procedure shall be followed as nearly as may be in so far as those Rules are not inconsistent with the Bankruptcy Act and the General Orders.

Rule 5(a), on which the City relies, provides for service of written notices on parties affected thereby and states that no service need be made on parties in default for failure to appear except for pleadings asserting new or additional claims for relief against them, which are to be served as provided for service of summons in Rule 4. Rule 4 directs service on municipal corporations by delivery to the chief executive or in the manner prescribed by the law of the State involved. Wisconsin statutes [Sec. 262.09(2)] provide for service on the mayor or clerk of a city.

Federal Rules of Civil Procedure, Rule 5(b), 28 U.S.C.A. provides:

"* * * Service * * * shall be made by delivering a copy to him or by mailing it to him at his last known address * * * Service by mail is complete upon mailing."

The City of Milwaukee in the case before us was not a party in default. No new claim for relief was being made

against a party in default. Service by mail was sufficient.

The Bankruptcy Act sets up its own rules on service, however [11 U.S.C.A. § 520 and 11 U.S.C.A. § 607], which respectively provide:

"Whenever notice is to be given under this chapter, the court shall designate, if not otherwise specified hereunder, the time within which, the persons to whom, and the form and manner in which the notice shall be given. Any notice to be given under this chapter may be combined, whenever feasible, with any other notice or notices to be given under this chapter."

and

" * * * Except where otherwise provided in this chapter, the judge may from time to time enter orders designating the matters in respect to which, the persons to whom, and the form and manner in which notice shall be given."

██ The City of Milwaukee was a creditor. Its address was the City Hall, Milwaukee. The District Court held that notice addressed to the "City of Milwaukee, City Hall, Milwaukee, Wisconsin" would have been sufficient; that mailing the notice to the officer charged with collection of taxes constituted more than adequate compliance with the Court's order. We agree. The full terms of the proposed sale were set out in the notice. The City failed to appear and object to the order. No appeal was taken. The City's objections may not now be heard.

We have also considered the other contentions made by the City. Apart from the fact that these matters could have been raised at the hearing on December 22, 1954, (and adverse rulings could have been appealed) none of these contentions alters our conviction that the District Court's denial of the motion to vacate the order of December 23, 1954, or, alternatively, to order the deposited fund paid to the City, must be affirmed.