**KIKI UNDIES CORPORATION,**
Plaintiff,

v.

**PROMENADE HOSIERY MILLS, INC.,**
Defendant.

No. 66 Civ. 747.

United States District Court
S. D. New York.

July 29, 1969.

Memorandum Nov. 26, 1969.

Kenyon & Kenyon, New York City, for plaintiff (Charles Brainard, New York City, of counsel).

Bader & Bader, New York City, for defendant (I. Walton Bader, New York City, of counsel).

INTERLOCUTORY JUDGMENT AND ORDER APPOINTING SPECIAL MASTER

MacMAHON, District Judge.

This cause having been considered by this Court upon the pleadings, the affidavits submitted on Motion for Summary Judgment, and the evidence presented at trial, and upon the decision of the United States Court of Appeals for the Second Circuit filed on May 29, 1969, and its mandate, it is:

Ordered, adjudged and decreed:

1. That the plaintiff, Kiki Undies Corp., has used and is using, in connection with its manufacture, sale and distribution of ladies' wearing apparel and garments in commerce, the following trademarks: KIKI, KIKI KONTROL; KIKI MAGIC; KIKI SATINETTE and KIKI DELUXE.

2. That the plaintiff duly applied for and registered said trademarks on the Principal Register of the United States Patent Office. That United States Principal Register Trademark Registrations Nos. 709,385 for KIKI; 767,232 for KIKI KONTROL; 767,242 for KIKI MAGIC; · 774,624 for KIKI SATINETTE and 818,716 for KIKI DELUXE were duly and legally issued and are valid; and that plaintiff, Kiki Undies Corp., has been and is the lawful owner of all right, title and interest in and to each of said registrations.

3. That defendant, Promenade Hosiery Mills, Inc. (now by change of name Promenade Mills, Inc.) has infringed the aforesaid registered trademarks by using the term Kiki as a trademark, without consent, in commerce in connection with the selling, offering for sale, distributing and advertising ladies' wearing apparel and garments.

4. That a Writ of Perpetual Injunction (attached hereto as an Exhibit to this Interlocutory Judgment) issue out of and under the seal of this Court directed to the said defendant, Promenade Hosiery Mills, Inc., its successors, assigns, officers, agents, attorneys, employees, associates and privies, enjoining and restraining them and each of them from directly or indirectly infringing the aforesaid registered trademarks.

5. That, pursuant to 15 U.S.C. § 1117 (1), the plaintiff recover defendant's profits from the defendant for defendant's acts of infringement which include, by way of example and not by way of limitation, the acts specified in paragraph 3 above.

6. That the matter be, and hereby is, referred to ARNOLD BAUMAN, ESQ., 45 Rockefeller Plaza, New York, N. Y. 10020, as Special Master, pursuant to Fed.R.Civ.P. 53, to take an accounting and hear and determine the amount of defendant's profits by reason of its sales of Kiki marked products, and the Special Master is directed to report to the Court within ninety (90) days from the date of this order.

7. That the Special Master be, and he hereby is, vested with all the powers provided in Fed.R.Civ.P. 53 and shall conduct such hearings and make such findings and reports as may be required by said rule and the applicable rules of this Court.

8. That the defendant, its officers, agents and employees are directed to attend before the Special Master, at such time as he shall direct, and to produce before him all books, papers and documents as he may direct, and to submit to such oral examination as he may direct, and the Special Master shall have the power:

(i) to order discovery under Fed.R. Civ.P. 26 through 37;

(ii) to order the production, inspection or copying of any relevant documents pursuant to Fed.R.Civ.P. 34;

(iii) to rule upon the form of any question addressed to a witness;

(iv) to rule in the first instance on any objection to any question made by or on behalf of any party or a witness, and upon holding any such objection to disallow the question;

(v) to direct in the first instance that a party or witness shall answer any question found unobjectionable by him;

(vi) to rule in the first instance upon any objection to any question made on the ground that the answer to such question might cause the disclosure of a confidential communication between attorney and client or matter otherwise protected from disclosure;

(vii) to order in the first instance such other further or different relief as he deems necessary, just or equitable in the premises.

9. That any action or ruling made by the Special Master shall be subject to review by this Court upon the written application of any party. Such application shall be made upon reasonable notice and shall be directed to the undersigned as judge, and control of this cause is retained by the undersigned for the purpose of ruling upon such applications.

10. That the compensation to be allowed the Special Master shall be fixed by the Court, and the expenses of and incidental to the proceedings before the Special Master, including his compensation, stenographer's fees and other disbursements be charged to and paid by the plaintiff, and all such sums so paid shall be included by plaintiff as taxable costs in its final judgment against the defendant.

## WRIT OF PERPETUAL INJUNCTION

Promenade Hosiery Mills, Inc. (now by change of name Promenade Mills, Inc. and hereinafter called defendant), its successors or assigns, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with it or any of them who receive actual notice or knowledge of this Injunction by personal service or other-

wise, are perpetually ordered and are perpetually restrained and enjoined as follows:

ENJOINED FROM:

(a) Using the term Kiki, however spelled, whether capitalized, abbreviated, printed or stylized, with or without a hyphen, whether used alone or in combination with any other word or words, whether used in caption, text or otherwise, or orally, or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the sale, offering for sale, distribution or advertising of any goods or services or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

(b) Applying the term Kiki (as defined in paragraph (a)) or any reproduction, counterfeit, copy or colorable imitation thereof to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used, or capable of being used, or used in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

(c) Using the term Kiki (as defined in paragraph (a)) on or in connection with the sale, offering for sale, distribution or advertising of leotards, tights, pantyhose, hosiery, headbands, and the like.

(d) Using the term Kiki (as defined in paragraph (a)) on or in connection with any ladies' garments or ladies' wearing apparel product.

(e) Disparaging or derogating the term Kiki (as defined in paragraph (a)) as a trademark of the plaintiff, or suggesting to anyone that plaintiff does not own it.

(f) Making, having made for it, selling, distributing or disposing of in any manner any advertising or promotional material including ad mats, racks, rack headers, point of sale devices, catalogs, letters or sales brochures using the term

Kiki (as defined in paragraph (a)) for or in connection with any of the goods listed in paragraph (c) above, or any ladies' wear garments or ladies' wearing apparel, or any goods on which use of the term Kiki would be likely to cause confusion, mistake, or to deceive.

(g) Filling any order or advising others of any order which specifies any of the goods listed in paragraph (c) above, or any other goods sold, offered for sale, distributed or advertised by defendant or plaintiff or any ladies' wear goods or ladies' garments and which order uses the term Kiki (as defined in paragraph (a)) in relation to said goods.

(h) Inducing or encouraging any third party to use the term (as defined in paragraph (a)) on or in connection with the sale, offering for sale, distribution or advertising of any product listed in paragraph (c) or any ladies' wear product or ladies' garment.

(i) Aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

ORDERED TO:

(j) Use best efforts to avoid making any financial or other contribution, directly or indirectly, toward any advertisement, publicity or other form of public announcement which contains the term Kiki (as defined in paragraph (a)) for any of the goods listed in paragraph (c) above, or for any other ladies' wear goods or ladies' garments, or in any way inducing anyone to create, publish, issue, purchase, sell, use or contribute toward such an advertisement.

(k) Respond to each order, letter, or inquiry which specifies any of the goods listed in paragraph (c) above, or any other goods sold, offered for sale, distributed or advertised by defendant or plaintiff or any ladies' wear goods and which uses the term Kiki (as defined in paragraph (a)) in relation to said goods, by mailing in reply, registered or certified mail, return receipt requested, to the originator of said order, letter or inquiry, a letter in the form annexed here-

to as Exhibit A. A copy of each such letter shall be mailed simultaneously with the original or ribbon copy to the plaintiff, and upon receiving the signed U. S. Mail Receipt indicating delivery, the defendant shall mail, within two business days, said receipt to the plaintiff.

(*l*) Deliver up to plaintiff, at plaintiff's place of business, within thirty (30) days after service of this Injunction all backing sheets, labels, signs, prints, packages, wrappers, receptacles, letterheads, order forms, billheads, displays, ad mats, racks, rack headers, point of sale devices, catalogs, brochures and any other promotional advertising or other matter in its possession, custody or control on which the said term Kiki (as defined in paragraph (a)) appears for products sold, offered for sale, distributed or advertised by defendant including plates, molds and matrixes for making same.

(m) Exercise its best efforts to withdraw from its customers, retailers and all others all of the materials specified in the above paragraph (*l*) hereof, including offering reimbursement for same, and deliver the same to plaintiff, at plaintiff's place of business, for destruction. This shall be a continuing effort. If a violation of this paragraph shall come to the attention of plaintiff, plaintiff shall call defendant's attention to such violation; and defendant shall take affirmative action to obtain cessation of such violation and shall advise plaintiff of what action it has taken.

(n) File with the Court and serve on plaintiff within thirty (30) days after service of this Injunction a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with this Injunction by that date, and again within six (6) months after such service a final report shall be filed and served setting forth in detail the manner and form in which defendant has fully complied with this Injunction.

## EXHIBIT A

"Registered or Certified Mail, Return Receipt Requested"

"Dear Sir:

Your recent communication requested that we supply you with a 'Kiki' product.

Kiki products are sold exclusively by the Kiki Undies Corp., 36 East 31st Street, New York, New York.

There has been a Federal Court injunction prohibiting our further use of this word in any form. We enclose a copy of the injunction.

We sell [a description of product sold by Promenade Hosiery Mills, Inc. to be inserted]. If you wish to order any of these products, we would be happy to supply them to you. Thank you."

"cc: Kiki Undies Corp.
36 E. 31st St.
New York, N. Y."

## MEMORANDUM

Defendant moves, pursuant to Rule 60 (b), Fed.R.Civ.P., for an order vacating an interlocutory judgment and permanent injunction entered on July 29, 1969, or, in the alternative, for an order, pursuant to Rule 59(e), Fed.R.Civ.P., altering and amending the interlocutory judgment and permanent injunction. Defendant also moves under Rule 62(a), Fed.R.Civ.P., for an order vacating a writ of execution attaching one of its bank accounts.

This is an action for infringement of plaintiff's trade-mark. The case was tried to the court on April 18, 1968. The court found that the trade-mark was not infringed and dismissed plaintiff's complaint and defendant's counterclaims. Plaintiff appealed from dismissal of its complaint and defendant from dismissal of its counterclaims. The Court of Appeals for the Second Circuit reversed the dismissal of plaintiff's complaint but affirmed the dismissal of defendant's counterclaims, holding that plaintiff's trade-mark was infringed and that plaintiff was entitled to the relief sought. Kiki Undies Corp. v. Promenade Hosiery

494

Mills, Inc., 411 F.2d 1097 (2d Cir. 1969). The Court of Appeals filed its mandate on July 1, 1969 and its corrected mandate on July 24, 1969.

Plaintiff, on July 24, 1969, mailed to the Clerk of this court a proposed interlocutory judgment and a permanent injunction. A copy, on the same day, was mailed to the attorneys for defendant. The Clerk received the papers the following day, July 25, 1969. No objection, counter-judgment or counter-order were submitted, and, on July 27, 1969, we executed the proposed interlocutory judgment and permanent injunction, modified to provide for the appointment of a Special Master to supervise the accounting of profits and necessary discovery.

In support of its motion to vacate, or, in the alternative, to amend the permanent injunction and interlocutory judgment, defendant alleges: (1) the judgment is at variance with the Court of Appeals' decision and mandate, which require only an injunction and not damages; (2) a copy of the proposed judgment and injunction was not received by defense counsel, as provided by Rule 5, Fed.R.Civ.P., and (3) the permanent injunction's mandatory provisions are at variance with the Court of Appeals' mandate which requires only prohibitory relief.

As to its first claim, that the interlocutory judgment provisions relating to damages are void because the Court of Appeals held that plaintiff was only entitled to an injunction, defendant points to the fact that plaintiff, in its brief submitted to the Court of Appeals, stated that it "appeals seeking no damages but only an injunction against the defendant's further use of the Kiki name and trade-mark." Defendant argues that the Court of Appeals cannot review that portion of a judgment not appealed and the court did not, and could not, determine whether plaintiff was entitled to damages.

■ Plaintiff did, however, make clear in its brief submitted to the Court

of Appeals that it was seeking an accounting to recover the profits defendant made by infringing the "Kiki" trademark. The court, in effect, mandated an accounting for profits when it stated that "plaintiff is, therefore, entitled to the relief sought." 411 F.2d at 1101.

■ Moreover, a plaintiff has a right to an accounting to recover profits, even if he cannot prove actual damages due to direct competition, if defendant deliberately infringed plaintiff's registered mark. Monsanto Chemical Corp. v. Perfect Fit Products Mfg. Co., 349 F.2d 389 (2d Cir. 1965), cert. denied, 383 U.S. 942, 86 S.Ct. 1195, 1198, 16 L.Ed.2d 206 (1966).

■ Here, the Court of Appeals, in reversing our finding that plaintiff failed to prove bad faith, in effect, found that defendant deliberately infringed plaintiff's trade-mark. The court stated that the burden was on defendant to prove lack of bad faith and that it failed to do so. 411 F.2d at 1101. The court also pointed out that defendant persisted in the use of the "Kiki" mark, even after being notified by the Patent Office that plaintiff had registered the mark and that defendant's use of it would tend to confuse and deceive. 411 F.2d at 1099. Defendant, therefore, deliberately infringed plaintiff's trade-mark, and plaintiff is entitled, by statute, to an accounting for profits. 15 U.S.C. § 1117; Monsanto Chemical Corp. v. Perfect Fit Products Mfg. Co., supra.

Defendant's second claim, that its counsel did not receive the proposed judgment and order in accordance with Rule 5(a), Fed.R.Civ.P., is, upon examination, totally without merit.

W. Cullen MacDonald, Esq., plaintiff's counsel, mailed to the Clerk of the court, on July 24, 1969, the original proposed interlocutory judgment and permanent injunction. These papers were received by the Clerk's office the following day. Mr. MacDonald certified that a true copy of the papers was mailed to I. Walton Bader, Esq., counsel for defendant. Probably, as Mr. Bader, himself, admit-

ted, the papers were received by his firm but not brought to his attention because of "secretarial problems." Whether Mr. Bader actually received the papers is, however, totally irrelevant.

■■ All papers, here a proposed interlocutory judgment and permanent injunction, that must be served upon a party, must be served upon the attorney, and service may be made by mail. Service is complete upon mailing. Rule 5(b), Fed.R.Civ.P.; Century Theatre Co. v. Title Guaranty Co. of Wisconsin, 289 F. 2d 731 (7th Cir. 1961); Porto Transport, Inc. v. Consolidated Diesel Elec. Corp., 21 F.R.D. 250 (S.D.N.Y.1957). Service of these papers was, therefore, accomplished when Mr. MacDonald placed them in the mail.

Defendant's third contention, that the injunction provisions requiring mandatory relief are at variance with the Court of Appeals' opinion and mandate which required only prohibitory relief is also untenable. Defendant cites no authority in support of this proposition, nor does it specify the injunctive clauses which are mandatory, rather than prohibitory. At one point, Mr. Bader refers in his memorandum to "mandatory provisions such as, notification of customers." Presumably, he is referring to the provisions in the injunction requiring defendant to respond to orders specifically referring to the "Kiki" trade-mark by mailing a reply letter explaining that defendant has been enjoined from selling under the "Kiki" trade-mark and that the mark can be used only by plaintiff. Defendant may also be referring to the provision requiring defendant to use its best efforts to withdraw from its customers labels, signs and advertising material bearing the "Kiki" insignia.

■■ An injunction, in trade-mark cases, must be framed to protect plaintiff's right to free enjoyment of its registered mark. The provisions of the injunction are proper if they are reasonably calculated to protect plaintiff against continued violation of its registered mark. 15 U.S.C. § 1116. Perry Knitting Co. v. Meyers, 120 F.Supp. 880 (S.D.N.Y.1954). Here, requiring defendant to notify customers who seek to purchase items under the "Kiki" name that "Kiki" is a registered trade-mark is not only reasonably calculated to protect plaintiff's rights, but also necessary to remedy the deception and confusion caused by defendant's prior illegal use of plaintiff's mark. The clause providing that defendant must use its best efforts to withdraw labels, signs and other insignia bearing the "Kiki" mark is not unduly burdensome, since it requires only good faith compliance, and it is a necessary protection against continued, albeit unintentional, infringement. 15 U. S.C. § 1118.

The other provisions of the injunction, whether they be denominated mandatory or prohibitory, do not impose severe burdens on defendant and are reasonably calculated to prevent future violations of plaintiff's rights and, as such, proper. 15 U.S.C. § 1116.

■ Defendant, as alternative relief, requests that we amend the judgment to eliminate the clause providing for a Special Master to supervise the accounting and necessary discovery. The Federal Rules provide that references to a Master are the exception and not the rule, except "in matters of account." Fed.R. Civ.P. 53(b). An accounting here will not deal with merely nominal damages, but rather it must trace any and all profits defendant made by infringing plaintiff's trademark. This will be a detailed and time-consuming task, and since deliberate infringement has already been established, it is properly referred to a Special Master. Barrick v. Pratt, 32 F. 2d 732 (5th Cir. 1929); 5 Moore, Federal Practice ¶ 53.05[2], p. 2939 (2d ed. 1968). See La Buy v. Howes Leather Co., 352 U.S. 249, 259, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957).

Finally, defendant claims that the writ of execution enforcing plaintiff's judgment by attaching one of plaintiff's bank accounts is void because it was served before the expiration of ten days from the entry of judgment.

Rule 62(a), Fed.R.Civ.P., provides in pertinent part that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."

The writ of execution was served on August 4, 1969, and it was to enforce a judgment for appellate costs, entered in the court's judgment docket book on July 2, 1969, thirty-three days before the writ of execution was issued. As such, the writ of execution was properly served.

Accordingly, defendant's motion to vacate, or, in the alternative, to amend the interlocutory judgment and permanent injunction, and its motion to vacate the writ of execution are in all respects denied.

So ordered.