FEDERAL TRADE COMMISSION,
Appellee,

v.

PACKERS BRAND MEATS, INC., and
John Cuezze, Appellants.

No. 77-1020.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 1, 1977.

Decided Sept. 9, 1977.

J. Scott Bertram, Kansas City, Mo., for appellants.

W. Baldwin Ogden, Atty., F. T. C., Washington, D. C., for appellee.

Before BRIGHT, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Packers Brand Meats, Inc., and John Cuezze, its president, appeal from a default judgment entered by the district court[1] resulting in an order of that court enforcing a subpoena duces tecum issued by the Federal Trade Commission (FTC). We affirm.

On October 15, 1974, the FTC, in connection with an investigation of another company, served a subpoena duces tecum upon Packers Brand and its president, John Cuezze. The subpoena directed appellant Cuezze to appear, testify, and produce specified records at an investigational hearing on November 21, 1974, in Kansas City, Missouri. Pursuant to section 2.7(b) of the FTC's Rules of Practice, 16 C.F.R. § 2.7(b) (1976), appellants filed a motion with the FTC to quash or limit the subpoena. The FTC denied the motion on April 14, 1975. Appellant Cuezze appeared at a rescheduled hearing on May 8, 1975, but refused to testify or produce documents pertaining to certain items specified in the subpoena.

On March 9, 1976, the FTC applied to the United States District Court for the Western District of Missouri for an order enforc-

---

1. The Hon. William E. Becker, United States District Judge for the Western District of Missouri.

ing the subpoena duces tecum issued to appellants. On March 18, 1976, the court directed the defendants to show cause in writing, on or before March 29, 1976, why the FTC's petition should not be granted. Twice the court extended the March 29 deadline at appellants' behest—to April 28, 1976, and May 28, 1976, respectively.

Appellants failed to respond to the court's order, and consequently, on September 1, 1976, the court directed appellants to show cause why a default judgment should not be entered against them. Appellants filed a response to the court's September 2 order, but the district court found it meritless and entered a default judgment on September 23, 1976. On December 7, 1976, the district court denied a motion by appellants for a new trial or an amendment of the court's earlier judgment.

This appeal presents a single issue: whether or not the district court abused its discretion in entering a default judgment against appellants and in refusing to alter that judgment or grant a new trial.

■ The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court. Fed.R.Civ.P. 55(b)(2); *Provident Security Life Ins. Co. v. Gorsuch*, 323 F.2d 839 (9th Cir. 1963), *cert. denied*, 376 U.S. 950, 84 S.Ct. 966, 11 L.Ed.2d 970 (1964); C. Wright, *Law of Federal Courts* § 98, at 439 (1970). Federal district courts possess a similar discretion in ruling on motions to set aside a default judgment, Fed.R.Civ.P. 55(c); *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970); C. Wright, *Law of Federal Courts* § 98, at 439 (1970), or to grant a new trial, Fed.R.Civ.P. 59(a); *Minnesota Mutual Life Ins. Co. v. Wright*, 312 F.2d 655, 659–60 (8th Cir. 1963).

■ Although default judgments are not favored by the law, the record does not establish that the district court acted improperly in entering a default judgment or in refusing to set that judgment aside. None of the excuses set forth for this failure appear substantial,[2] and the district court's reasons for its decision are fully justified.[3] Accordingly, we affirm.[4]

2. These reasons were summarized in appellants' brief at 6, as follows:

First, that substantial legal research of a law student being relied on by defendants "has been inexplicably mislaid and has not been found despite diligent efforts being made by the personnel in the law firm of Levy & Craig." Second, that Packers Brand Meats, Inc., is not presently doing business and has been unable to finance additional legal research. Third, that there are "meritorious defenses" to the petition which will be proven by discovery. Fourth, that John Cuezze has been unavailable to consult with his counsel because of a temporary change of residence from Kansas City, Missouri, to Springfield, Missouri. Fifth, that defendants' counsel stated that he had not had time to prepare a response because he had been preparing for an appearance of John Cuezze before a Federal Grand Jury on September 14, 1976.

3. The court succinctly listed its reasons for dismissal:

The default in this case was failure to obey the Court's order directing respondents to file a response to the petition. Such a default cannot be deemed merely "technical" and failure to obey a Court's order constitutes sufficient grounds for a default judgment.

Respondent's reasons for the default—loss of the product of legal research, etc.—do not constitute either good faith mistake or excusable neglect. Respondents have had nearly six months to file a response and have had ample time to seek additional authorities in support of their defense.

In the interim, the petitioner's administrative investigation has been frustrated pending a judicial determination of the enforceability of the subpoenas. The prejudice to petitioner from the delay is apparent.

Finally, although a default judgment is a harsh remedy, respondents have failed to make any showing that they have a valid defense on the merits to the petition for enforcement of the subpoenas. The bald allegation that a good defense exists, without the support of factual contentions or legal authorities, is insufficient. The apparent harshness of the default judgment may therefore have no substance since a defense on the merits may not exist. [Citations omitted.]

4. Appellants' jurisdictional argument relating to the merits—that its activities are wholly intrastate, and if otherwise, that provisions of the Packers and Stockyards Act of 1921 and 15 U.S.C. § 45(a)(6) exempt appellants from FTC jurisdiction—has been largely undercut by our rejection of similar arguments made by a simi-

larly-situated Kansas City meat packer resisting an FTC subpoena in *Blue Ribbon Quality* *Meats v. Federal Trade Commission*, 560 F.2d 874 (8th Cir. 1977).