HOLMES, Judge.
This is an appeal from a denial of a motion to set aside a default judgment.
The dispositive issue is whether the trial court erred in refusing to set aside the default judgment. We hold it did not and affirm.
The record reveals the following: The plaintiff-wife petitioned the Circuit Court of Tuscaloosa County for relief with respect to a prior decree of divorce.
The plaintiff filed with the trial court certain interrogatories to be answered by defendant and a request for the production of documents. The defendant failed to produce the documents or answer these interrogatories. Plaintiff then moved for a default judgment. The record indicates that plaintiff served this motion on defendant by mailing a copy thereof to his last known address.
Upon defendant’s failure to appear at the hearing on the motion for default, the trial court entered a default judgment against defendant. Thereafter, the defendant timely moved, pursuant to Rule 55(c) ARCP, to set the judgment aside. This motion was bottomed on the premise that defendant was not properly served.
Additionally, the record reveals that at' the hearing to set aside the default, defendant’s single contention was that service of plaintiff’s motion for default was not perfected and thus the judgment was improperly entered. Specifically, the defendant contended that notice of the motion was mailed to an address other than his mailing address.
In this regard, the trial court heard testimony that the defendant obtained a post office box to serve as a mailing address. However, defendant testified that he had received all other papers concerning the proceeding at Route 1, Box 196, Eutaw, Alabama, the residence of a relative.
There is further testimony in the record which shows that the notice in question was sent to the Eutaw address and that the defendant in fact received it. This fact is further evidenced by defendant’s actions, i. *334 e., he sought legal counsel prior to the hearing on the motion. Based upon these facts and others, the trial judge refused to grant defendant’s motion. Defendant appeals.
At the outset we observe that although defendant raises several matters which are asserted as grounds for reversal, these matters are not appropriate for our review. As set forth above, the single issue considered by the trial court was whether defendant was effectively served with notice of the motion for default. Our review in this case is limited to that issue alone because issues not raised below may not be considered for the first time on appeal. Henderson v. Moore-Handley, Inc., Ala.Civ. App., 349 So.2d 1165, cert. denied, 349 So.2d 1170 (1977).
The requirements for effective service of all papers required to be served in a proceeding (other than the original complaint) are set forth in Rule 5 ARCP. That rule provides that service may be made upon a party by mailing papers to his last known address, and such service is complete upon mailing. Rule 5(b) ARCP. See also Kiki Undies Corp. v. Promenade Hosiery Mills, Inc., 308 F.Supp. 489 (S.N.Y.1969).
In the instant case, plaintiff mailed notice of her motion to defendant at his last known address, an address where defendant had been personally served on prior occasions. This service in and of itself was effective in this instance because service by mail to a party’s last known address is effective upon such mailing. Rule 5(b) ARCP. However, there is further support for the effectiveness of service in this instance because the record reveals that defendant in fact received service and, furthermore, acted upon it by seeking legal counsel. Therefore, it is clear to this court that service of the motion was perfected.
Furthermore, we observe that aside from the factual basis which supports the trial court’s denial of defendant’s motion, the disposition of a motion to open a default judgment pursuant to Rule 55(c) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court. F. T. C. v. Packers Brand Meats, Inc., 562 F.2d 9 (8th Cir. 1977); Hiern v. St. Paul-Mercury Indemnity Co., 262 F.2d 526 (5th Cir. 1959). This is particularly applicable where the denial of such a motion comes after a hearing on a question of fact as in the instant case. See, e. g., Packers Brand, supra.
The wife has requested that this court award an attorney’s fee for representation on appeal. We know of no authority and none is cited for this court to grant such award in an appeal of this nature, i. e., the appeal of the denial of a Rule 55(c) ARCP motion.
For the foregoing reasons, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.