No. 88-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

FEDERAL SAVINGS AND LOAN INSURANCE
CORPORATION,

          Plaintiff and Respondent,

     -vs-

HARVEY O. ANDERSON, et al.,

          Defendant and Appellant.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Terry A. Wallace, Hamilton, Montana

     For Respondent:

          Debra D. Parker; Murphy, Robinson, Heckathorn and
          Phillips, Kalispell, Montana

---

                         Submitted on Briefs:  July 21, 1988

                              Decided:  August 22, 1988

Filed AUG 2 2 1988

                    *Ethel M. Harrison*
          _____
                         Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Anderson appeals from a default judgment and decree of foreclosure entered in favor of the Federal Savings and Loan Insurance Corp. (FSLIC) by the District Court of the Eleventh Judicial District, Flathead County. We affirm.

The principal issue in this case involves the computation under Rule 6, M.R.Civ.P. of the notice period required when default judgment is sought under Rule 55(b)(2), M.R.Civ.P. A second issue concerns the application of Uniform District Court Rules to default judgments.

Anderson claims that the default judgment should be vacated (1) because the notice given by FSLIC of its intent to enter default judgment was inadequate, and (2) because of claimed failures by FSLIC to conform to the Uniform District Court Rules.

The chronology of events leading to the default judgment, as reflected in the court file is as follows:

| | |
|---|---|
| June 30, 1986 | Complaint filed for mortgage foreclosure by FSLIC |
| September 9, 1986 | Service of summons & complaint upon H. O. Anderson |
| September 29, 1986 | Motion to dismiss filed by H. O. Anderson |
| October 15, 1986 | Motion to dismiss denied; Anderson granted 20 days to answer |
| June 30, 1987 | Request by FSLIC for entry of default against Anderson; copy served on Anderson's counsel |
| July 1, 1987 | Default of Anderson entered by clerk |
| January 19, 1988 | Motion by FSLIC for default judgment |

| | |
|---|---|
| January 19, 1988 | Notice of hearing for default judgment, served by mail January 19, 1988 setting hearing for January 26, 1988 |
| January 26, 1988 | Response to motion and brief, dated January 23, 1988, by Anderson filed in the District Court, at 10:11 a.m., January 26, 1988 |
| January 26, 1988 | Default judgment entered at 5:02 p.m. |
| February 29, 1988 | Notice of appeal filed in District Court, dated February 26, 1988 |

In his brief before the District Court opposing the default judgment, dated January 23, 1988, but filed January 26, 1988, Anderson, through his counsel, contended that insufficient notice had been given under Rule 55(b)(2), M.R.Civ.P. for judgment by default when the notice period is computed under Rule 6(a). He contended that the entry of default by the clerk was done without notice, and was "in violation of the standards of practice for entry of default in this court's jurisdiction"; and further that Rule 1(a)(8) of the Uniform District Court Rules requires the lines of all papers to be spaced "one and one half or double;" that under Rule 1(6) of said Uniform District Court Rules, such non-conforming papers could not be filed without the leave of the court, and no leave was obtained in this case. Anderson further contended that under the Uniform District Court Rules, he was entitled to 10 days notice of a motion for default judgment. Anderson raises much the same arguments on this appeal.

We turn first to the argument of the computation of the time for notice where default judgment is proposed to be taken under Rule 55(b)(2). That rule provides in pertinent part: "If the party against whom judgment by default is

- 3 -

sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least three days prior to the hearing on such application."

Rule 5(b) permits the service of notices either personally upon the attorney of record or by mail. In this case, service was made upon counsel for Anderson by mail.

The general rule for the computation of time in matters such as this is Rule 6(a), which provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday. (Emphasis added.)

There is, however, an enlargement of the time period permitted when there is service by mail. Rule 6(e), provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

Anderson contends that the computation of notice time required to be given him is as follows: The notice of the hearing for entry of default judgment was mailed on Tuesday, January 19, 1988. Under Rule 6(e), the three added days entered into play at this point and the notice period began to run after Friday, January 22, 1988. The following

Saturday and Sunday are excluded and therefore his three day period of required notice began on Monday, January 25, 1988. Thus, according to Anderson, any hearing before ~~June 27~~ Jan. 29 was insufficiently noticed under the rules. *see back for correction*

First, Anderson's method of computation is in error. Service by mail is complete on the date of mailing. Rule 5(b). The application of Rule 6(e) does not mean that service by mail cannot be deemed effective until three days after mailing. Porto Transport, Inc. v. Consolidated Diesel and Electric Corporation (S.D.N.Y. 1957), 21 F.R.D. 250. Without doubt, the period of notice during which Anderson should have taken action under the notice began running Wednesday, January 20, 1988.

If, in this case, notice of the hearing on default had been personally served on the attorney for Anderson, his notice period would have expired with the close of business on Friday, January 22, 1988. A complication arises with respect to how the enlarged time under Rule 6(e) ought to be applied. Under Rule 6(e), "three days shall be added to the prescribed period." The _prescribed_ period under Rule 55(b)(2) is three days. Under Rule 6(a), when the period of time _prescribed_ _and_ _allowed_ is less than seven days, intermediate Saturdays, Sundays and holidays are excluded in the computation.

The question arises, do the rules intend that the non-court days excluded under Rule 6(a) apply to additional days granted by virtue of mailing under Rule 6(e)? The rules are unclear on this point. As to the unclarity, Professor Moore reports that "as to whether Rule 6(e) requires eight day's notice of motion where the notice is served by mail, see proceedings of American Bar Association Institute, Cleveland (1933), 214-15, 218. The conclusion reached was that, while the matter was not free from doubt, eight days

notice was properly required and in any event should be given in order to avoid question." 2 Moore's Federal Practice ¶ 5.07, fn. 8 (1987).

Strange to report, our extensive research reveals no case in the federal or state system treating the question whether intermediate Saturdays, Sundays and holidays should be excluded from the computation where the intermediate days occur within the additional time allowed by Rule 6(e) after service by mail.

We have decided not to determine this question in this action, but will await guidance from some future court decision where the adequacy of the notice period for default judgments, as enlarged by service by mail, is the principal reason for the decision of the court. In this case, far more weighty reasons exist why this judgment should not be invalidated on grounds of inadequate notice.

First of all, Anderson had ample notice that a hearing for a default judgment would be held on January 26, 1988. He mailed in a brief and response to the notice of motion on Saturday, January 23, 1988. He had been given "ample time to appear and ask for additional time to prepare the motion." Anderson v. Brady (E.D.Ky. 1945), 5 F.R.D. 85. Not only did Anderson have actual prior notice of the hearing, but the case had been on the docket for more than 16 months after the service of the complaint and summons on Anderson with no other action being taken by him except for a motion to dismiss. Notice of request for entry of default was given to Anderson on June 30, 1987. For more than six months, thereafter, Anderson did nothing to set aside the default. At the time of his response to the notice of hearing for the default judgment, on January 23, 1988, he did not allege or tender any proof that he had a meritorious defense to the suit for mortgage foreclosure. Nor has he alleged or claimed

so since. Anderson has never tendered an answer to the complaint.

Moreover, it is a general rule that a procedural defect with respect to notice of a default judgment must be considered with other factors before the default judgment may be set aside.

> While the failure to give the required notice is generally regarded as a serious procedural irregularity that may afford the basis for reversal on appeal,. . . and in conjunction with other errors may render the judgment void, the error should not usually be treated as so serious as to render the judgment void. It should be considered in the light of surrounding circumstances and will, at times, be harmless.

7 Moore's Federal Practice ¶ 60.25(2) (1983). See Planet Corporation v. Sullivan (7th Cir. 1983), 702 F.2d 123; Winfield Associates, Inc. v. Stonecipher (10th Cir. 1970), 429 F.2d 1087.

We are commanded under Rule 1, M.R.Civ.P. to construe the Montana Rules of Procedure so as "to secure the just, speedy and inexpensive determination of every action." In this case, therefore, even if it were to be considered that the notice of hearing on default judgment was insufficient, nonetheless, the other factors so outweigh the procedural defect as to require sustaining the entry of the default judgment in this case.

As to the contentions of Anderson that the notice of hearing of default judgment did not conform to the Uniform District Court Rules, little need be said. The controlling rules relating to the entry of default judgments are found in Rule 55, and with respect to service, those found in Rules 5 and 6, M.R.Civ.P. The Uniform District Court Rules do not enlarge, vary or control the provisions of Montana Rules of Civil Procedure and indeed we find no conflict in this case

- 7 -

between the two sets of rules.  Failure of FSLIC to double space the lines of the notice is not of sufficient weight to nullify the subsequent judgment of the court.

Affirmed.

_John C. Sheehy_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_L. G. Weber_

_Wm. E. Hunt_

_L. C. Gulbrandson_

_F. C. McDonough_
Justices

# CORRECTION

Date __9/19/88__

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 3526, St. Paul, MN 55165

Please make the following correction in the opinion in the case of:

Title: __FSLIC v. Anderson__

__No. 88-184__

Vol. _____ Rptr. __top of_____ Page __5__

In first/second column, line _____ from top/bottom.

__"... Thus, according to Anderson, any hearing before June 29 was insufficiently ..."__

should read __"... Thus, according to Anderson, any hearing before January 29 was insufficiently ..."__

Signed __Pam Chapman Otto__

The expense of making changes is such that we cannot undertake it for changes in typographical style or spacing.

West Publishing Co.

N182d