**DAVOUD RAKSHAN, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT and A.P. LUTALI, as GOVERNOR & CHIEF EXECUTIVE and as an INDIVIDUAL, Defendants**

High Court of American Samoa
Trial Division

CA No. 34-95

August 7, 1995

Before RICHMOND, Associate Justice, AFUOLA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, *pro se*
 For Defendants, Henry W. Kappel, Assistant Attorney General

Order Denying Motion for Default Judgment and Granting Motion to Dismiss:

## BACKGROUND

This matter arises out of, first, two contracts allegedly entered into on or about January 7, 1993, between plaintiff Davoud Rakshan ("Rakshan") and defendant American Samoa Government ("ASG"), represented by defendant Governor A.P. Lutali ("the Governor"), and, second, a tort allegedly committed on or about October 28, 1993, against Rakshan by an ASG employee.

On November 14, 1994, Rakshan filed an administrative claim under A.S.C.A. § 43.1205(a) of the Government Tort Liability Act with the Attorney General for $5,000 as damages for the physical harm and mental suffering as a result of the alleged tort. The Attorney General did not respond to the claim within three months, and on March 14, 1995, as permitted by Section 43.1205(a), Rakshan filed the complaint in this action against ASG and the Governor, in both his official and individual capacities. Rakshan seeks specific performance of the alleged contracts or damages for breach of those contracts, or both. He also now seeks $500,000 in damages for the alleged tort. ASG and the Governor were served with the summons and complaint on March 15, 1995.

On April 4, 1995, 20 days after service of the complaint, ASG and the Governor filed a motion to dismiss pursuant to T.C.R.C.P. 12(b)(6). A copy of this motion was delivered on April 4, 1995, to ASG's mailroom

for mailing to Rakshan and was postmarked as mailed on April 7, 1995. Rakshan claims not to have received the motion until April 17, 1995.

On April 12, 1995, since ASG and the Governor did not serve an answer on him within 20 days after service of the summons and complaint, Rakshan filed a motion for default judgment. On April 24, 1995, Rakshan supplemented this motion, pointing out that the motion to dismiss was postmarked on April 7, 1995, and reasserting that an answer was not filed within the 20-day period.

On April 26, 1995, Rakshan personally served or attempted to serve subpoenas duces tecum on the Attorney General, Postmaster of the U.S. Post Office, and counsel for ASG and the Governor.

On April 28, 1995, Rakshan filed a memorandum in opposition to the motion to dismiss and, added alternatively to his motion for default judgment, a motion for summary judgment.

On May 3, 1995, ASG and the Governor moved to quash the subpoenas on the Attorney General and their counsel, to strike, pursuant to T.C.R.C.P. 12(f), a portion of Rakshan's response to the motion to dismiss as scandalous, and for sanctions against Rakshan for processing unreasonable and specious subpoenas and bad faith allegations. Rakshan filed a response to this motion the following day.

On May 8, 1995, the several pending motions came regularly for hearing. Rakshan appeared *pro se* and defendants were represented by counsel. Arguments were heard, and the court granted the motion to quash the subpoenas and took the other motions under advisement.

## DISCUSSION

### I. Motion for Default Judgment

T.C.R.C.P. 55 states in part:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter his default. (b) . . . Judgment by default may be entered upon motion of the party entitled to the judgment . . . .

Rakshan asserts that he is entitled to a default judgment because ASG and

the Governor failed to serve an answer upon him within the 20 days as required by T.C.R.C.P. 12(a). This is incorrect for two reasons.

■ First, filing a motion to dismiss for failure to state a claim, under T.C.R.C.P. 12(b)(6), in lieu of an answer satisfies a defendant's procedural requirement under the law. Rule 12(b) states in relevant part that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted."

■ Second, even if the motion to dismiss was served on Rakshan a few days late,[1] we find that the delay is not a compelling reason to grant default judgment. A default judgment is not a matter of right. *Appleton Electric v. Graves Truck Line*, 635 F.2d 603, 611 (7th Cir. 1980). It is a drastic remedy that should only be granted in extreme situations. *Charlton L. Davis & Co. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir. 1977) (the court may weigh whether or not the moving party indicated that "time was of the essence"); *Affanato v. Merrill Brothers*, 547 F.2d 138, 140 (1st Cir. 1976). A trial court has sound discretion to determine whether default judgment is appropriate. *FTC v. Packers Brand Meats*, 562 F.2d 9, 10 (8th Cir. 1977). For these reasons, we exercise our discretion and hereby deny Rakshan's motion for default judgment.

## II. *Motion to Dismiss*

ASG and the Governor move, pursuant to Rule 12(b)(6), to dismiss Rakshan's complaint for failure to state a claim. Rakshan's complaint alleges three causes of action: (1) ASG and the Governor failed to perform on a written contract to pay Rakshan a 2% commission of the total financial aid received by ASG through the Barkley Banking Corporation of Sydney, Australia ("Barkley Bank"); (2) ASG and the Governor failed to perform on a verbal promise to give Rakshan immigration resident and work status in American Samoa, and employment with ASG, if Rakshan assisted in providing medical supplies to ASG; and (3) Rakshan was willfully assaulted by an ASG employee with the intent to cause serious bodily harm.

---

[1] ASG and the Governor argue that default judgment is inappropriate because they *filed* the motion within the 20 day requirement, but Rule 12(a) states that "the defendant shall *serve* his answer within 20 days . . ." (emphasis added). Although service of the motion by mail was commenced on April 4. 1995, as properly certified by counsel for ASG and the Governor, actual mailing was not completed until April 7, 1995.

## A. Written Contract

Although we recognize the fact that a written contract was executed by the Governor, promising Rakshan a 2% commission if he procured financial aid for ASG from the Barkley Bank, the contract does not support relief in this case.[2] It is important to note at the outset that Rakshan does not allege that he procured any financial aid according to the terms of the agreement, nor does he pray for monetary relief based on a commission for such procurement. Rakshan claims, however, that he is unable to perform the services contemplated by the contract without immigration status to reside and work in American Samoa to enable his representation of ASG.

In the first place, this document contains neither an express nor an implied promise to provide Rakshan with immigration status to reside and work here. The document represents, if anything, an option contract which promises Rakshan compensation under specified conditions. The contract in no way anticipated that ASG would be responsible for making these conditions possible. Furthermore, Rakshan gives no indication as to why he would be unable to negotiate with the Barkley Bank without such immigration status, despite the Governor's written authorization.

Most important of all, Rakshan harbors the illusion that the Governor is above the law and has unilateral or overriding authority to promise him such immigration status without complying with the immigration laws and administrative rules of American Samoa. The Governor may direct immigration officials to process applications concerning immigration status, but the Immigration Board exclusively makes status determinations, and the Attorney General is responsible for the overall administration and enforcement of the immigration laws of American Samoa. A.S.C.A. §§ 41.0205 and 41.0206.

 It is basic contract law that a promise to perform an illegal act is unenforceable. Furthermore, it is long established that a contract entered into by a government official lacking authority, or failing to follow proper procedures, is void. *Whiteside v. United States*, 93 U.S. 882, 884 (1876); *State v. Cleveland Trinidad Paving*, 171 N.E. 837, 840 (Ohio 1829); *State*

---

[2] It is doubtful whether the Governor had authority to procure financial aid under this arrangement, since the Chief Procurement Officer holds centralized procurement authority. A.S.A.C. § 10.0210. Although the foregoing administrative rule permits the Governor to grant authority to other persons by "executive order," it is doubtful that there was any valid executive order under the requirements of A.S.C.A. § 4.1001 *et seq.*

*v. L.W. Eaton*, 392 So. 2d 477, 479-80 (La. 1980). The Governor may not circumvent orderly procedures for government operations, because such procedures are designed to safeguard the public interest.[3] *Id.* Private parties' contract claims cannot be allowed to compromise the public interest because of unauthorized actions of government officials, governors included. *See id.* When public officials circumvent orderly procedures, they defeat the basic purpose of those procedures.

For these reasons, we must dismiss this aspect of Rakshan's complaint.

B. Verbal Promise

Rakshan also claims that the Governor reneged on a verbal promise to give Rakshan immigration status to reside and work in American Samoa, and employment with ASG, if Rakshan assisted in providing medical supplies to ASG. The foregoing discussion of the Governor's inability to promise such immigration status is equally applicable to these claims.

In addition, the Governor lacked authority to promise Rakshan employment with ASG. The Director of Manpower Resources, not the Governor, has the statutory authority to administer the personnel laws of American Samoa. A.S.C.A. §§ 4.0335 and 7.0110; A.S.A.C. § 4.0102. The Director generally makes permanent, initial appointments to classified and excepted positions in the civil service system known as the "career service," based as a matter of public policy on merit and fitness, ascertained by competitive examination when practicable, and accounting for the length and quality of previous service. A.S.C.A. §§ 7.0207(a)(1) and (2), 7.0204; 7.0205, and 7.0206; A.S.A.C. §§ 4.0101 and 4.0301-4.0311(a). Employees hired by initial appointments outside of the career service but also under prescribed procedures include: (1) persons in temporary positions needed for periods not exceeding one year; (2) nonresident contract specialists for specified periods; (3) persons in emergency positions for 30 to 60 days; and (4) persons in disaster emergency positions up to 10 days. A.S.C.A. § 7.0207(a)(4); A.S.A.C. §§ 4.0311(b) and (c), and 4.1001-4.1002. The only other recognized ASG officials are judges and occupants of elected or appointed political positions. A.S.C.A. §§ 4.0112 and 7.0203.

Based on the laws and administrative rules of American Samoa, any

---

[3] Procedures controlling the bestowal of immigration status are designed to protect the Samoan people against alienation of their limited land and resources, and to promote business enterprises by American Samoans. A.S.C.A. § 41.0201.

promise for employment made by the Governor is not binding or enforceable. Therefore, this portion of Rakshan's complaint must also be dismissed.

## C. Assault

■ A.S.C.A. § 43.1203 states in part that the Government Tort Liability Act does not apply to "(5) any claim arising out of assault, battery . . . ." Although the court might well sympathize with the defenseless victim of this alleged vicious beating by a female nurse with a stethoscope, we must comply with the plain language of this statute. It is clearly dispositive of this issue, and therefore, we must also dismiss this element of Rakshan's complaint.

## III. Motion for Summary Judgment

If Rakshan fails to meet the threshold test for avoiding dismissal of his complaint, then his motion for summary judgment is plainly inappropriate. In other words, if Rakshan has not shown a basis for any legal claim upon which relief can be granted, then he has failed to show that he is entitled to judgment as a matter of law.

## IV. Motion to Strike and Impose Sanctions

ASG and the Governor moved to strike and impose sanctions on Rakshan for his "scandalous" allegation that the file stamp on the motion to dismiss was back-dated, placing the motion within the deadline for response to Rakshan's complaint. Rakshan alleges that he was told by court personnel that no response had been entered by ASG and the Governor as of April 11, 1995, and became alarmed when the motion to dismiss appeared file-stamped with the date April 4, 1995. In light of these circumstances, Rakshan's belief that an impropriety may have occurred in relation to the dating of this motion has some reasonable basis and does not indicate bad faith.

■ Furthermore, T.C.R.C.P. 12(f) only permits the court to strike scandalous material from a pleading and not from a motion. Since the alleged scandalous statement by Rakshan is not included in a pleading, we cannot grant the motion to strike it. It is also unimportant whether we strike the scandalous allegation or not, because in dismissing the complaint, we effectively strike all allegations.

ASG and the Governor also seek sanctions against Rakshan for personally

serving subpoenas upon the Attorney General and counsel for ASG and the Governor in light of T.C.R.C.P. 45(c), which requires that subpoenas be served by someone who is not a party to the litigation. The subpoenas were quashed by this court from the bench. To award sanctions for a procedural mistake by a *pro se* litigant would be unduly harsh, and would discourage impoverished persons with potentially valid claims from seeking relief in the judicial system.

## ORDER

We deny Rakshan's motions for default judgment and summary judgment. We grant the motion by ASG and the Governor to dismiss Rakshan's complaint, pursuant to T.C.R.C.P. 12(b)(6). We also deny the motion by ASG and the Governor to strike and impose sanctions.

It is so ordered.