**In re HOWELL ENTERPRISES, INC., Debtor.**

**HOWELL ENTERPRISES, INC., Plaintiff,**

**v.**

**FIRST NATIONAL BANK IN STUTTGART, ARKANSAS, Defendant.**

**Bankruptcy No. HE 88–58M. Adv. No. 88–132.**

United States Bankruptcy Court, E.D. Arkansas, Helena Division.

Feb. 24, 1989.

---

**1.** The motion for relief from the automatic stay was denied on December 18, 1986.

David M. Fuqua, N. Little Rock, Ark., for plaintiff.

Robert Dittrich, Stuttgart, Ark., for defendant.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On April 4, 1988, Howell Enterprises, Inc., (Howell) filed a voluntary petition for relief under the provisions of chapter 11 of the United States Bankruptcy Code. On April 11, 1988, Howell initiated this adversary proceeding against First National Bank in Stuttgart, Arkansas, (First National) to recover an alleged fraudulent conveyance. First National's answer to the complaint was filed approximately twenty days late, and Howell has asked the Court to enter a default judgment against First National.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H), and the Court has jurisdiction of this matter.

The facts are not in dispute. A copy of Howell's complaint, along with the summons and notice, was mailed on April 13, 1988, to the president of First National and to Robert Dittrich (Dittrich), counsel for First National. Dittrich testified that he prepared an answer and transmittal letter in late April or early May and assumed that it had been forwarded by his office staff to the Bankruptcy Clerk's office for filing. However, some time after the answer was due,[1] David Fuqua (Fuqua), attorney for Howell, notified Dittrich that he had not received a copy of the answer and that an answer had not been filed with the Bankruptcy Clerk's office. After a fruitless search for the missing answer, Dittrich prepared an answer identical to the first document and mailed copies to the Bankruptcy Clerk's office and Fuqua on June 2, 1988.

The answer was file-marked by the Bankruptcy Clerk's office on June 6, 1988. On that same date, a motion for default judgment was filed by Howell.

Entries of default and default judgments are governed by Fed.R.Civ.P. 55, applicable in adversary proceedings in bankruptcy court through Bankruptcy Rule 7055. The rule provides in pertinent part as follows:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor.... If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

---

1. Bankruptcy Rule 7012(a) requires that an answer to a complaint be "served" within thirty days of the issuance of the summons. *See also* Bankruptcy Rules 7005, 9006(a).

A party is not entitled to a default judgment as of right, but a decision to grant a motion for default judgment "calls for the exercise by the Court of a sound judicial discretion." *Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America*, 83 F.Supp. 646, 654 (E.D.Ark.), *appeal dismissed*, 177 F.2d 1022 (8th Cir.1949). *See Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir.1977); *Missouri v. Fidelity & Casualty Co.*, 107 F.2d 343, 345–46 (8th Cir.1939); 9 *Collier on Bankruptcy* ¶ 7055.04[2] (15th ed. 1988); 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2685 (2d ed. 1983); 6 J. Moore, *Moore's Federal Practice* ¶ 55.05[2] (2d ed. 1988). A hearing on the merits is favored by the courts and the underlying policies of the Federal Rules of Civil Procedure. *Swink v. City of Pagedale*, 810 F.2d 791, 792 n. 2 (8th Cir.), *cert. denied*, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987); *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d at 10; 9 *Collier on Bankruptcy* at 7055-6 to -7. *See also Marshall v. Boyd*, 658 F.2d 552, 554 (8th Cir.1981); *Assman v. Fleming*, 159 F.2d 332, 336 (8th Cir.1947). The granting of a default is a harsh measure to be resorted to in extreme circumstances. *Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America*, 83 F.Supp. at 654–65.

The court should consider a variety of factors when determining whether to enter a default judgment. These factors include:

[T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider whether the default was caused by a good faith mistake or excusable neglect; how harsh an effect a default judgment might have; and whether the court thinks it later will be obliged to set aside the default on defendant's motion.

10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* at 423–27 (citations omitted). *See also* 9 *Collier on Bankruptcy* at 7055-6.

Application of these factors persuades the Court that a default judgment should not be granted in this case. First, the amount of damages requested in Howell's complaint is substantial, and it is likely that the Court would have to conduct a hearing under Fed.R.Civ.P. 55(b)(2) to ascertain the amount of damages, if any, to which Howell would be entitled. *See Swink v. City of Pagedale*, 810 F.2d at 792 n. 2. Additionally, several issues of material fact remain to be resolved by the Court, including the construction of a state court order of liquidation on which each party bases its entitlement to $900,000 in liquidation expenses. Again, a hearing would be necessary to resolve this issue.

Furthermore, this default was technical and inadvertent, and no evidence of willful delay or contumacious conduct by the defaulting party has been presented. *See Swink v. City of Pagedale*, 810 F.2d at 792–93; *Gulf Oil Co. v. Bill's Farm Center, Inc.*, 449 F.2d 778, 779 (8th Cir.1971). Although the grounds for default are clearly established by the Federal Rules of Civil Procedure, this default was due to a good faith mistake on the part of Dittrich and did not involve a willful violation of the rules. As soon as Dittrich became aware of the violation, he promptly filed an answer to remedy the default. Howell does not appear to have been substantially prejudiced by the three-week delay and apparently has proceeded with discovery in the case. *See Swink v. City of Pagedale*, 810 F.2d at 792–93; *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d at 10 n. 3; *Louisiana Farmers Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America*, 83 F.Supp. at 656. A default judgment would have an extremely harsh effect on First National, exposing it to $1,900,000 in damages without a full opportunity to defend at a trial on the merits.

Finally, if entered in this case, a default judgment could later be set aside under

Fed.R.Civ.P. 55(c) and 60(b) (Bankruptcy Rules 7055, 9024) upon a showing of "excusable neglect." Although it is not necessary that the Court consider whether neglect or oversight by counsel meets the standard of "excusable" in determining whether to enter a default judgment, *Bavouset v. Shaw's of San Francisco,* 43 F.R.D. 296, 298 (S.D.Tex.1967), the facts in this case would probably establish the requisite showing. *See Hoover v. Valley West D M,* 823 F.2d 227, 230 (8th Cir.1987) (district court did not abuse discretion in setting aside default judgment under excusable neglect exception where substantial dollar amount was involved, no prejudice would result if relief were granted, and several meritorious defenses were alleged).

Therefore, for the reasons stated herein, Howell's motion for entry of a default judgment will be denied, and the parties will have twenty days to plead further.

IT IS SO ORDERED.