**In re Thomas Clawson BACON d/b/a Bacon Financial Management Company.**

**Charles Darwin DAVIDSON, Trustee, Plaintiff,**

v.

**Thomas Clawson BACON, Defendant.**

**Bankruptcy No. 90–41508 S. Adv. No. 91–4048.**

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

July 3, 1991.

Charles Darwin Davidson, in the above styled adversary proceeding. The Debtor/Defendant, Thomas Clawson Bacon, has objected to the Trustee's Motion for Default Judgment. Arnold and Mechilina Bouma, Plaintiffs in adversary proceeding No. 90–4188, have also filed a Response in which they support the Trustee in his Motion. The Trustee is represented by counsel, Thomas W. Carroll, II, Esq. The Defendant is represented by counsel, Carey E. Basham, Esq. The Boumas are represented by counsel, Judy Simmons Henry, Esq.

## I. FACTS

On April 15, 1991, Trustee filed the present adversary proceeding. Debtor was given until May 20, 1991 to respond or object to the Trustee's Complaint. On April 24, 1991, the Trustee moved to consolidate the present adversary proceeding, No. 91–4048 with adversary proceeding No. 90–4188, for trial purposes. The Court thereafter consolidated these two proceedings for *trial purposes only*. As of June 13, 1991, Defendant has failed to answer or respond in the present proceeding, No. 91–4048. Consequently, the Trustee filed this Motion for Default Judgment.

In his June 17, 1991 Response to the Trustee's Motion for Default Judgment, Defendant alleges that the causes of action in proceeding No. 91–4048 and proceeding No. 90–4188 arise from substantially the same allegations, and involve common questions of law and fact. Defendant contends that because of the substantial similarity of these two adversary proceedings, and their having been consolidated for trial, his answer in proceeding No. 90–4188 should apply in proceeding No. 91–4048. Thus, Defendant argues that the Trustee is not entitled to a Default Judgment because Defendant filed an answer in the present proceeding by virtue of the answer which he filed in proceeding No. 90–4188.

Carey Bashem, Howell Law Firm, Little Rock, Ark., for debtor.

Charles Davidson, Little Rock, Ark., trustee.

Judy Simmons Henry, Little Rock, Ark., for Arnold and Mechilina Bouma.

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion for Default Judgment filed by the Trustee,

## II. DISCUSSION

A. *The Law*

Federal Rule of Civil Procedure 55 governs Default Judgments, and applies in ad-

versary proceedings in the bankruptcy courts through Bankruptcy Rule 7055. Generally, bankruptcy courts have taken a conservative approach, and have refrained from granting default judgment motions. This has been especially true when the party against whom the default judgment would lie is the debtor in the bankruptcy case.

 A moving party is not entitled to a default judgment as of right. *In re Howell Enterprises, Inc.*, 99 B.R. 413, 415 (Bankr.E.D.Ark.1989). Whether to grant a default judgment requires the exercise of "sound judicial discretion" by the court. *Id.* at 415. Further, a hearing on the merits is favored by the courts and the underlying policies of the Federal Rules of Civil Procedure; and thus to grant a default judgment is a harsh measure appropriate only in extreme circumstances. *Id.* When confronted with this decision, courts should weigh whether:

1. the amount of money potentially involved is substantial;
2. the default is largely technical;
3. the plaintiff had been substantially prejudiced by the delay involved;
4. the grounds for default are clearly established or are in doubt; and
5. material issues of fact or issues of substantial public importance are in question.

*Id.* Moreover, a court may consider whether the default was caused by a good faith mistake or excusable neglect, the harshness of the default judgment's effect, and whether the court thinks it later will be obliged to set aside the default on defendant's motion. *Id.; see* 10 C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure* at 423–27.

B. *Application*

 Applying the factors enumerated by the *In re Howell Enterprises* court, this Court finds that the Default Judgment in the present proceeding should be denied; and thus the debtor will be granted an additional opportunity to respond. In the present proceeding, the Defendant/Debtor mistakenly believed that his answer in pro-

ceeding No. 90–4188 applied to the present matter after the two proceedings were consolidated for trial. This default is largely technical because Defendant did answer in the earlier proceeding.

Further, proceeding No. 90–4188 would remain unresolved and on the Court's docket, and the causes of action in both these proceedings arise out of the same events, and involve common questions of law and fact. Denial of the Trustee's Motion will not create additional litigation, or delay the final resolution of this Objection to debtor's discharge. Therefore, the Court finds, in the interest of equity and judicial economy, that the better course to pursue is to deny the Trustee's Motion for Default Judgment.

Moreover, the present default occurred as a result of the Defendant's misunderstanding of the significance of the two proceedings having been consolidated for *trial purposes only.* The Court finds this to be a good faith mistake on the Defendant's part. In addition, the Court finds that granting the default Motion at this time would be a harsh and unjust judgment against the debtor.

### III. CONCLUSION

In the interests of equity, fairness and judicial economy, the Trustees' Motion for Default Judgment is denied. Also, Defendant should be permitted to file his answer in the present adversary proceeding, No. 91–4048, so that both proceedings may go forward toward a final resolution.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Default Judgment is denied, and Defendant has fifteen (15) days from the entry of this Order to file an answer in adversary proceeding No. 91–4048.

IT IS SO ORDERED.