**In re COLONIAL REALTY COMPANY, Jonathan Googel, Benjamin Sisti, Consolidated Debtors.**

**Bankruptcy No. 90–21980.**

United States Bankruptcy Court, D. Connecticut.

Sept. 10, 1996.

Marc S. Edrich, Pepe & Hazard, Goodwin Square, Hartford, CT, for First Union Bank of Connecticut, Movant.

Howard P. Magaliff and David M. Pollack, Gainsburg & Hirsch, Purchase, NY, for Hal M. Hirsch, Trustee.

*RULING ON MOTION FOR RECONSIDERATION OF CLAIM*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

On February 4, 1991, Union Trust Company ("Union Trust") filed a general, unsecured

proof of claim against Colonial Realty Company ("Colonial" or "Debtor") in the amount of $3,051,233.72, designated by the clerk of the court as Claim No. 141 ("Claim No. 141"). Claim No. 141 stated that the consideration of the debt was a commercial loan made by the Union Trust to Colonial on July 5, 1990 in the original principal amount of $4,000,000. Union Trust attached a duplicate copy of the promissory note executed by Colonial and a sheet setting forth the calculation of the balance due. On October 21, 1994, Hal M. Hirsch, the Chapter 7 trustee ("Trustee") of the Debtor's consolidated estate, pursuant to Bankruptcy Code § 502 [1] and Fed. R.Bankr.P. 3007, filed a "third omnibus motion" ("objection") for an order disallowing numerous claims, including Claim No. 141. The Trustee objected to Claim No. 141 on the basis that it was unsubstantiated and that insufficient documentation was provided to enable the Trustee to assess the claim. The Trustee mailed the motion and notice of hearing date to Union Trust to the attention of the President at the office address indicated on Claim No. 141.

The court held a hearing on the Trustee's objection on November 22, 1994. When Union Trust did not appear, the court entered an order disallowing and expunging Claim No. 141 based upon the Trustee's uncontested objection. On February 26, 1996, First Union Bank of Connecticut ("Movant"), indicating it was formerly known as Union Trust Company, filed a motion pursuant to 11 U.S.C. § 502(j) [2] and Fed.R.Bankr.P. 3008 [3]

for reconsideration and reinstatement of Claim No. 141.

The motion asserted as cause for reconsideration that the Trustee in 1993 had commenced an adversary proceeding against Union Trust in which he had received the relevant documentation to substantiate Claim No. 141, and that the Trustee in 1994 should have served the counsel that appeared for Union Trust in the adversary proceeding with the objection and notice of hearing. The Trustee filed a response to the motion for reconsideration asserting that he had made proper service on Union Trust of the objection; that no attorney had appeared for Union Trust in the case; and that the further information in support of Claim No. 141 was not received in the adversary proceeding until after the court had disallowed and expunged Claim No. 141.

The court held a hearing on the motion for reconsideration on August 2, 1996, at which time the Movant presented as its sole witness John Bakke, the Movant's vice president in charge of special investigations. He testified that he was the custodian in charge of the Movant's file for Claim No. 141 and that neither the Trustee's objection and notice of hearing nor the court's order denying Claim No. 141 appeared in the file. He further testified that between the time Union Trust filed Claim No. 141 on February 4, 1991, and October 21, 1994, when the Trustee filed his objection, Union Trust had merged with another bank and the Movant was that bank's successor.

1. Section 502(a) provides:
   A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects. 11 U.S.C. § 502(a).

2. Section 502(j) provides:
   A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case. Reconsideration of a claim under this subsection does not affect the validity of any payment or transfer from the estate made to a holder of an allowed claim on account of such allowed claim that is not reconsidered, but if a reconsidered claim is allowed and is of the same class as such holder's claim, such holder may not receive any additional payment or transfer

from the estate on account of such holder's allowed claim until the holder of such reconsidered and allowed claim receives payment on account of such claim proportionate in value to that already received by such other holder. This subsection does not alter or modify the trustee's right to recover from a creditor any excess payment or transfer made to such creditor. 11 U.S.C. § 502(j).

3. Rule 3008 provides:
   A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order. Fed.R.Bankr.P. 3008.

## II.

Fed.R.Bankr.P. 3007, which deals with objections to claims, provides that a "copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant ... at least 30 days prior to the hearing." The court finds that the Trustee fully complied with Rule 3007. The fact that the Movant's file does not contain the notice of hearing and copy of the objection is a far cry from rebutting the presumption of fact that Union Trust received the objection and notice. *See Hagner v. United States,* 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932). ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.")

11 U.S.C. § 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause [ ] [and] [a] reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). "What exactly constitutes cause according to the equities of the case is not entirely clear. Thus, the determination of whether or not to reconsider falls upon the equitable judgment of the court and is within the sound discretion of the court." *In re Flagstaff Foodservice Corp.,* 56 B.R. 910, 913 (Bankr.S.D.N.Y.1986) (*citing S.E.C. v. S.J. Salmon & Co., Inc.,* 375 F.Supp. 867, 869 (S.D.N.Y.1974)). *See* Fed.R.Bankr.P. 3008, 1983 Advisory Committee Note ("Reconsideration of a claim that has been previously ... disallowed ... is discretionary with the court.").

It is well settled that to determine whether cause has been established under § 502(j), courts will apply the standard for relief from judgment set forth in Fed.R.Bankr.P. 9024, which incorporates Fed.R.Civ.P. 60. Under Fed.R.Civ.P. 60(b), relief may be granted on the basis of "excusable neglect" ... [or] "any other reason justifying relief from the operation of the judgment." *See Colley v. Nat'l Bank of Texas (In re Colley),* 814 F.2d 1008, 1010 (5th Cir.1987), *cert. denied,* 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987); *S.G. Wilson Co. v. Cleanmaster Indus., Inc. (In re Cleanmaster Indus., Inc.),* 106 B.R. 628, 630 (9th Cir. BAP 1989); *In re Pettibone Corp.,* 156 B.R. 220, 230 (Bankr.N.D.Ill.1993), *aff'd sub nom.,* 163 B.R. 989 (N.D.Ill.1994), *aff'd,* 40 F.3d 175 (7th Cir.1994); *State of Ohio Dep't of Taxation v. H.R.P. Auto Center, Inc. (In re H.R.P. Auto Center, Inc.),* 130 B.R. 247, 255 (Bankr.N.D.Ohio 1991); *In re Bicoastal Corp.,* 126 B.R. 613, 615 (Bankr. M.D.Fla.1991).

After the hearing held in this matter, the Second Circuit issued an opinion which clarified the meaning of "excusable neglect", as used in Fed.R.Civ.P. 60(b), for purposes of a motion to vacate a default judgment. *See American Alliance Ins. Co. Ltd. v. Eagle Ins. Co.,* 92 F.3d 57 (2nd Cir.1996). The court concluded "that excusable neglect is to be construed generously ...", with three criteria to be examined: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Id.* at 59. A major component of the ruling was to arrive at a definition of "willful", as used in the first criterion. The court, after examining the various definitions of "willful" formulated in other circuits in the context of default judgments, concluded that "willfulness requires a showing of deliberate default or bad faith on the part of the defaulting party" and that "mere carelessness or negligence [is not] sufficient." *Id.* In the matter before the court of appeals, the district court had found the conduct of the defaulting party to be "grossly negligent".[4] *Id.* at 61. The court of appeals concluded that gross negligence, although of some weight, does not necessarily constitute willfulness. *Id.* The court emphasized that there is a strong public policy which favors resolving disputes on their merits, and that abuses of process by a defaulting party may be prevented by enforcing those defaults that arise from "egregious or deliberate conduct." *Id.* at 61.

---

**4.** In *American Alliance,* the defaulting party received a summons and complaint as well as notice of assignment of the case to a particular judge, and, in both instances, the defaulting party simply misfiled the papers, did not appear, and was defaulted.

### III.

Applying these concepts to the matter at hand, the court does not find that Union Trust's conduct was either egregious or deliberate and concludes that the default was not willful. Mr. Bakke was unable to explain why the Movant was unaware for two years that Claim No. 141 had been disallowed due to its failure to appear. However, as soon as the Movant was so advised by newly-retained counsel, the Movant filed the present motion. The Trustee does not, and cannot, claim that the conduct of the Movant was more than grossly negligent. The Trustee does not contest that the Movant may have a meritorious defense to the Trustee's objection.

The Trustee, on the issue of prejudice, argues that the overriding reason the Movant wishes to have its claim reconsidered is to assert it as a setoff in the pending adversary proceeding brought by the Trustee.[5] The fact that the Movant may wind up with a valid claim which it may assert as a setoff does not constitute a sufficient level of prejudice. The Trustee waited for three and one-half years to file the objection to the claim; granting reconsideration will not further delay the closing of the Debtor's estate and prejudice creditors; and there is no basis for concluding that any party has relied upon the disallowance of Claim No. 141. The court notes that the Movant has agreed, if Claim No. 141 should be subsequently allowed, to waive any payments to which it might otherwise be entitled based upon two prior distributions that the court has ordered paid to holders of unsecured claims.

### IV.

### CONCLUSION

The motion for reconsideration is granted and the court's order disallowing Claim No. 141 is vacated. The Trustee shall file a new or renewed objection to Claim No. 141 and secure a notice of hearing date within ten days from date. The movant, if Claim No. 141 is allowed, shall not receive any payment

---

5. Section 553(a) provides that setoff generally is not affected under Title 11 except, *inter alia*, to

on account of the two prior distributions to holders of unsecured claims. It is

SO ORDERED.

---

the extent that the claim of the "creditor against the debtor is disallowed." 11 U.S.C. § 553(a).