In re Patrick W. REILLY, Betty–Ann D. Reilly, Debtors.

Russell J. TYLER, Thomas J. Tyler, Plaintiffs,

v.

Patrick W. REILLY, Betty–Ann D. Reilly, Defendants.

Bankruptcy No. 96–20102. Adversary No. 96–2198.

United States Bankruptcy Court, D. Connecticut.

Sept. 8, 1997.

Richard W. MacAdams, MacAdams & Wieck Inc., Hank D. Hoffman, Walter J. Onacewicz, Jr., Hartford, CT, for Plaintiffs.

Joel M. Grafstein, Elissa M. Flanagan, Grafstein & Associates, Farmington, CT, for Debtor–Defendants.

*RULING ON MOTION SET
ASIDE DEFAULT*

ROBERT L. KRECHEVSKY, Bankruptcy
Judge.

## I.

### ISSUE

Thomas J. Tyler and Russell J. Tyler, the plaintiffs, on August 23, 1996, filed a complaint to except from discharge an unliquidated claim which they assert against Patrick W. Reilly ("Patrick") and Betty–Ann D. Reilly, the debtors. The debtors, on January 16, 1996, originally filed their joint petition for relief under Chapter 11. The court, on January 21, 1997, converted the case to one under Chapter 7.

The complaint, containing seven counts based on Bankruptcy Code §§ 523(a)(2)(A), (4) and (6), asserts a claim of "several hundred thousand dollars" arising out of the debtors' alleged malfeasance during a real estate joint venture with the plaintiffs. The debtors, although represented by counsel in the case, failed timely to appear. The plaintiffs, on September 26, 1996, requested the entry of a default which the Clerk of the Court entered on September 27, 1996. *See* Fed.R.Civ.P. 55(a), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7055.

The debtors, on February 3, 1997, filed the instant Motion To Set Aside Default alleging that new counsel for the debtors had recently been retained, that good cause exists to set aside the default and that the debtors have valid defenses to the plaintiffs' action. The plaintiffs, on February 18, 1997, filed an objection to the debtors' motion. The court, upon agreement of the parties, thereafter entered scheduling orders setting a discovery closure date and establishing dates for the filing of original and reply memoranda of law.

## II.

### BACKGROUND

Based upon the record made by the parties, the court believes the following scenario generally reflects the circumstances leading to the debtors' failure to appear timely to defend against the plaintiffs' complaint. At the time of the filing of the debtors' original petition on January 16, 1996, they had been represented in Connecticut by the law firm of Rogin, Nassau, Caplan, Lassman & Hirtle ("RNCLH") in litigation with the plaintiffs. Because of RNCLH's conflict as a creditor of the debtors, William R. Breetz (Breetz), an attorney at RNCLH, referred the debtors to Attorney Neal Ossen (Ossen) to prepare and file the debtors' Chapter 11 petition and to appear for them in their bankruptcy case.

After the plaintiffs, on August 23, 1996, filed the instant adversary proceeding, Breetz and Ossen, in October 1996, decided that the debtors needed to retain another lawyer to defend them in this proceeding. Ossen claimed unfamiliarity with the facts of the debtors' and plaintiffs' joint venture. The debtors, Breetz and Ossen were aware that a default in the adversary proceeding had entered against the debtors on September 27, 1996. A memorandum dated November 13, 1996 from Ossen to Breetz stated:

> When the answers and counterclaim are prepared in the Tyler ... matters, have them typed on blank (non-legalcap) paper for signature by Patrick and Betty–Ann. Have your bankruptcy department prepare appearances for the Reillys and have the department prepare motions to set aside the defaults which were based on a failure to appear using the basis that the Reillys were attempting to find special counsel.

> In light of our conversation last week, I intend to move to withdraw from the case (bankruptcy). At a pretrial, I advised the Judge that I would appear in the adversary proceedings. This was before our discussion. I have an obligation now to advise the Judge that I will not appear. It is therefore urgent that Pat and Betty–Ann appear either pro se or by new counsel.

The debtors thereafter contacted several attorneys for representation, including Attorney Joel M. Grafstein ("Grafstein"), all of whom declined to appear for the debtors. On or about January 16, 1997, Grafstein reconsidered and decided to represent the

debtors, and on February 3, 1997, filed the present notion to revoke the default.

### III.

### DISCUSSION

■ Fed.R.Civ.P. 55(c), made applicable in bankruptcy adversary proceedings by Fed. R.Bankr.P. 7055, provides that "[f]or good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). Since Rule 55(c) does not define the term "good cause", the Second Circuit has established three criteria for courts to assess when deciding whether to relieve a party for a default. These are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993). Defaults are generally disfavored, to be "reserved for rare occasions," and good cause "should be construed generously." *Id.* Defaults "are particularly disfavored by the law when substantial rights are implicated or when substantial sums of money · are demanded."[1] *Id.* at 97 (citations omitted).

#### A. *Willfulness*

■ More recently, the Second Circuit had occasion to define the criterion of "willfulness" in the default context and concluded that in light of the "[s]trong public policy favor[ing] resolving disputes on the merits," willfulness "requires a showing of deliberate default or bad faith on the part of the defaulting party [and] mere carelessness or negligence" is not sufficient. *American Alliance Ins. Co. Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59, 61 (2d Cir.1996) (clerical filing error by insurance company's in-house counsel, though grossly negligent, was not willful, deliberate or evidence of bad faith). Gross negligence, although of some weight, does not necessarily constitute willfulness. *Id.* at 61. *Cf. In re Colonial Realty Company*, 202 B.R. 185, 187 (Bankr.D.Conn.1996).

As noted, the debtors, on the date of entry of the default, were relying on Ossen and Breetz to handle the filing of an appropriate pleading. The plaintiffs were also proceeding to retain new counsel. Although the debtors concede that they "and their counsel . . . acted inattentively, irresponsibly and negligently," *Debtor's Initial Brief* at 28, the court concludes that this conduct, although grossly negligent, does not rise to the level of willfulness. *See American Alliance*, 92 F.3d at 61 (The Second Circuit "see[s] no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context"). The plaintiffs have failed to demonstrate that the debtors' conduct was egregious or in bad faith, and that the default was willful.

#### B. *Meritorious Defense*

■ "[A] defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense, and the test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Lawrence v. Willow Point on the Bay (In re Interco Systems, Inc.)*, 185 B.R. 447, 455 (Bankr.W.D.N.Y.1995) (citing *Enron Oil Corp.*, 10 F.3d at 98). On a motion to reopen a default, the moving party "must support its general denials with some underlying facts." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320–21 (2d Cir.1986).

The debtors assert that meritorious defenses exist which previously have been asserted as claims in two state-court actions commenced prior to the filing of the debtors' petition. A state-court complaint attached to their motion, filed by the debtors against the plaintiffs, asserts claims of fraudulent misrepresentation, conversion and CUTPA violations. The debtors submitted Patrick's affidavit which avers facts relevant to the claims asserted in the state-court complaint. The court concludes that the debtors have sufficiently demonstrated the existence of meritorious defenses to the plaintiffs' complaint.

---

**1.** The plaintiffs, on November 1, 1996, filed motions for judgment by default which the court has not heard. Russell J. Tyler's motion seeks treble damages of $1,424,040.42, and Thomas J. Tyler's motion seeks treble damages of $1,945,633.86.

### C. *Prejudice*

"[D]elay alone is not a sufficient basis for establishing prejudice.... Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983) (citations and internal quotation marks omitted).

The plaintiffs assert that the actions of the debtors have caused delay and frustration in their collection efforts, and that they "have spent a substantial amount of time, money and energy in diligently pursuing their Complaint against the Defendants." *Plaintiff's Objection* ¶ 10. The plaintiffs make no claims regarding the effect of any delay on any of the factors the Second Circuit listed. The court concludes that the plaintiffs have failed to establish prejudice sufficient to deny the debtors' motion to set aside the default.

### IV.

### CONCLUSION

Based on the foregoing, the court concludes that the debtors' motion to set aside the default should be granted, and that the default entered by the Clerk on September 26, 1996 be vacated and set aside. The debtors shall file a responsive pleading to the complaint within 10 days from this date. It is

SO ORDERED.