## In re Mildred Marie McARTHUR aka Mildred Marie Lovell.

### Dric Lovell, Plaintiff,

v.

### Mildred Marie McArthur aka Mildred Marie Lovell, Defendant.

**Bankruptcy No. 00–60050.**
**Adversary No. 00–6008.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

Jan. 5, 2001.

---

Patricia A. James, Little Rock, AR, for plaintiff.

Steve Westerfield, Houston, TX, for defendant.

Frederick S. Wetzel, III, Little Rock, AR, trustee.

## MEMORANDUM OPINION

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the Court for determination is a Motion For Default Judgment filed by the plaintiff, Dric Lovell, in the above adversary proceeding. In order to decide the motion it is necessary to review the petition filed by the debtor, Mildred McArthur (debtor or defendant); her chapter 7 case file; the pleadings filed in the adversary proceeding; the testimony of Patricia James, attorney for the plaintiff; and the testimony of Steve Westerfield, attorney for the debtor.[1] For the reasons stated in this opinion, the plaintiff's Motion For Default Judgment is denied.

The Court has subject matter jurisdiction over the adversary proceeding in accordance with 28 U.S.C. §§ 1334 and 157. This proceeding is a core proceeding as defined in § 157(b)(2)(A) and (I).

On January 19, 2000, the debtor, through her attorney Steve Westerfield, filed a voluntary petition under chapter 7. Westerfield's address is listed on the petition as 229 Woodbine, Hot Springs, Arkansas 71913. On schedule F of her petition, Creditors Holding Unsecured Nonpriority Claims, the debtor listed Dric R. Lovell, the plaintiff in this action, as the holder of a claim in the amount of $7000.00. On April 7, 2000, the plaintiff filed the above adversary proceeding alleging that the defendant owes the plaintiff a debt of $24,000.00, which is non-dischargeable un-

---

1. It is a well-settled principle of law that a court may take judicial notice of its own orders and records in a case before the court. Fed.R.Evid. 201; *Elliott v. Papatones,* 143 F.3d 623, 624 (1st Cir.1998).

**744**

der 11 U.S.C. § 523(a)(15). The cover sheet filled out by the plaintiff's attorney reflects that the defendant's attorney's address is 229 Woodbine, Hot Springs, Arkansas 71901.

No further action was taken by the plaintiff to prosecute his complaint. Accordingly, on August 2, 2000, this Court issued an Order to Show Cause upon the plaintiff to appear and show cause why the adversary proceedings should not be dismissed for failure to prosecute, and set a hearing for September 13, 2000. On September 12, 2000, the Court granted the plaintiff's Motion For a Continuance. On September 20, 2000, the plaintiff filed his Motion For Default Judgment. The Certificate of Service attached to the motion shows that the Motion For Default Judgment was mailed to the defendant's attorney at 229 Woodbine, Hot Springs, Arkansas 71913. On October 2, 2000, the defendant filed a response to the Motion For Default Judgment alleging that the defendant's attorney did not receive a copy of the plaintiff's adversary proceeding, and the plaintiff did not serve the defendant with summons in a manner required by the Federal Rules of Civil Procedure.

On October 18, 2000, the Court conducted a hearing on the Motion For Default Judgment. At that hearing, counsel for the defendant took the position that under the Federal Rules of Civil Procedure the summons had to be served by certified mail. Counsel for the plaintiff took the position that the summons could be served by first class mail. The Court asked the parties to brief the issue and, subsequently, set a hearing for December 7, 2000. After reading counsels' briefs, the Court, at the hearing, informed the parties that counsel for the plaintiff was correct that service of the complaint and summons could be made by first class mail upon the defendant. *See* Fed. R. Bankr.P. 7004(b)(9).[2] The Court then made inquiry regarding counsel for the defendant's allegation that he did not receive a copy of the complaint and summons, and conducted an evidentiary hearing on the notice issue.

Attorney James, attorney for the plaintiff, testified that she mailed the complaint and summons to attorney Westerfield at the address shown on the debtor's bankruptcy petition, 229 Woodbine, Hot Springs, Arkansas 71913. The Court received into evidence a copy of the certificate of service attached to the summons.[3] The Court credits James's testimony that she mailed the complaint and summons to Westerfield at the above address. She further testified that she mailed a copy of the Motion For Default Judgment and the letter brief requested by the Court to Westerfield at the same address.

Westerfield testified that he did not receive a copy of the complaint and summons, but did receive a copy of the Motion For Default Judgment and the letter brief. The Court likewise credits Westerfield's testimony that he did not receive a copy of the complaint and summons in the adversary proceeding. He further testified that the zip code of his business address that was on the debtor's petition, Hot Springs, Arkansas 71913, was incorrectly typed on the petition and should have been Hot Springs, Arkansas 71901.

**2.** Fed. R. Bankr.P. 7004(b)(9) states:

*Service by First Class Mail. Except as pro*vided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:
(9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

**3.** Although the certificate of service was filemarked April 18, 2000, a copy of the certificate of service does not appear in the case file.

█ Rule 7004(b)(9) of the Federal Rules of Bankruptcy Procedure requires that a copy of a complaint and summons in an adversary proceeding be mailed to both the debtor and the debtor's attorney of record. The evidence in this proceeding reflects that the plaintiff did mail a copy of the complaint and summons to the debtor and the debtor's attorney. However, the debtor's attorney listed an incorrect zip code for his business in the debtor's petition. As a result, it appears that the debtor's attorney did not receive a copy of the complaint and summons that is the subject of the plaintiff's motion for default judgment. After the evidentiary hearing, the Court gave counsel for both parties the opportunity to brief the issue of excusable neglect relating to the incorrect zip code on the debtor's petition. The Court is now ready to rule on the plaintiff's motion.

### Conclusions of Law

In her brief on the issue of excusable neglect, counsel for the plaintiff contends that Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7005 are applicable to default judgments. I agree. However, counsel also contends that there is no reference in Rule 55 that address excusable neglect in not answering a complaint when determining whether the default judgment should be entered. According to counsel, these rules only address how to set aside a default judgment after its entry. Counsel's interpretation of Federal Rule of Civil Procedure 55 and Federal Rule of Bankruptcy Procedure 7005 is misplaced. The applicable sections of Federal Rule of Bankruptcy Procedure 7005 state:

Rule 7055. Default

Rule 55 F. R. Civ. P. applies in adversary proceedings.

Rule 55. Default

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. *If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.*

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Federal Rule of Bankruptcy Procedure 7055 (emphasis added).

■ Federal Rule of Bankruptcy Procedure 7055 (incorporating Federal Rule of Civil Procedure 55, and hereafter referred to as Rule 55) provides two methods for obtaining a default judgment—by the clerk or by the court. In this adversary proceeding, counsel for the plaintiff elected to file the plaintiff's Motion For Default Judgment with the Court, not the clerk. It is true, if counsel had made application for default with the clerk in accordance with the requirements of Rule 55(b)(1), the clerk would have entered a judgment of default and the defendant's recourse would have been to file a Motion To Set Aside the Default Judgment in accordance with Federal Rule of Bankruptcy Procedure 9024 (incorporating Federal Rule of Civil Procedure 60), pleading mistake, inadvertence, surprise, or excusable neglect.

■ Rule 55(b)(2) expressly and clearly permits the Court to conduct a hearing to "establish the truth of any averment by evidence or to make an investigation of any other matter ... as it deems necessary and proper...." Fed. R. Bankr.P. 7055(b)(2). That is just what the Court did in this proceeding. The issues upon which the Court investigated and received evidence are: (1) whether counsel for the defendant received a copy of the complaint and summons, and (2) whether counsel for the defendant committed excusable neglect in typing the wrong zip code on the debtor's petition. What the Court needs to decide is whether the plaintiff's motion should be granted or denied on the merits. To make that determination, the Court must consider the defenses raised by the defendant.[4]

■ Entries of default and default judgments are governed by Federal Rule of Civil Procedure 55, which applies to adversary proceedings in bankruptcy matters through Federal Rule of Bankruptcy Procedure 7055. A party is not entitled to a default judgment as of right; rather, the decision calls for the courts exercise of sound judicial discretion. *See Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.)* 63 F.3d 685, 686 (8th Cir.1995); *Howell Enter. Inc. v. First Nat'l Bank (In re Howell Enter., Inc.)*, 99 B.R. 413, 415 (Bankr.E.D.Ark.1989). A hearing on the merits is favored by the policies underlying the Federal Rules of Civil Procedure. Default is disfavored and should be a "'rare judicial act.'" *Jones Truck Lines, Inc.*, 63 F.3d at 688 (quoting *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)). This principle is well settled. *See Assmann v. Fleming*, 159 F.2d 332 (8th Cir.1947). "The granting of a default is a harsh measure to be resorted to in extreme circumstances." *Howell Enter. Inc.*, 99 B.R. at 415.

The Court of Appeals for the Eighth Circuit has held that "'when the grant of a default judgment precludes consideration of the merits of a case, even a slight abuse of discretion may justify reversal.'" *Johnson v. Dayton Elect. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir.1998) (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir.1986)) (reversing district court's grant of default finding that default was marginal failure, and meritorious defenses and absence of prejudice were satisfactorily demonstrated).

■ In sum, generally, "bankruptcy courts have taken a conservative approach, and have refrained from granting default judgment motions. This has been especially true when the party against whom the default judgment would lie is the debtor in the bankruptcy case." *Davidson v.*

---

**4.** Even if counsel for the plaintiff's interpretation of Rule 55 were correct, the defendant would still have recourse under Federal Rule of Bankruptcy Procedure 9024 to file a motion to set aside the default judgment, at which time the Court would conduct another evidentiary hearing to determine the exact issues now before the Court. This would be a duplication of time, and result in additional expense to the parties.

*Bacon (In re Bacon )*, 131 B.R. 110, 112 (Bankr.E.D.Ark.1991). In deciding default questions, among the factors the court should consider include:

"[T]he amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider whether the default was caused by a good faith mistake or excusable neglect; how harsh an effect a default judgment might have; and whether the court thinks it later will be obliged to set aside the default on defendant's motion."

*Howell Enter. Inc.*, 99 B.R. at 415 (quoting 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, Civ.3d § 2685, p. 423–27).

 As to what may constitute "excusable neglect," the United States Supreme Court has articulated the following factors: "[T]he danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether is was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

 Considering the factors noted above, the Court finds as follows:

1. A review of the plaintiff's complaint in the adversary proceeding reflects that the plaintiff is seeking to have a $24,000.00 claim held non-dischargeable pursuant to 11 U.S.C. § 523(a)(15). The Court finds that this is a substantial sum of money. Accordingly, this factor favors the defendant.

2. The default in this case was not technical in nature; rather, the defendant failed to file an answer to the complaint. This factor favors the plaintiff.

3. The plaintiff's complaint was filed on April 7, 2000. On August 2, 2000, almost four months later, the Court issued its Order to Show Cause why the complaint should not be dismissed for failure to prosecute. Finally, on September 20, 2000, the plaintiff filed his Motion For Default Judgment. The defendant responded to the plaintiff's motion on October 3, 2000, within two weeks. In her response, the defendant's counsel alleged he did not receive a copy of the complaint and summons. The plaintiff failed to pursue her default judgment for over three months, and then only after the Court set an order to show cause hearing. There has been no loss of evidence, no increased difficulty in discovery, or no greater opportunity for fraud and collusion. *See Tyler v. Reilly (In re Reilly )*, 213 B.R. 50, 53 (Bankr.D.Conn.1997). This factor weighs substantially in favor of the defendant.

4. Finally, the Court credits counsel for the defendant's testimony that he did not receive a copy of the complaint and summons. The Court also credits counsel for the defendant's testimony that his business address given in the petition was an incorrect address in that the zip code was typed wrong. The zip code should have been typed correctly as 71901. This was a mistake.

The Court finds that the above factors, when considered as a whole, favor the defendant, and the Motion For Default Judgment that is pending before the Court should be denied. The typing of the wrong zip code by counsel for the defendant constitutes excusable neglect. The failure of counsel for the defendant to receive a copy of the complaint further justifies the denial of the plaintiff's motion. The Court will enter an Order Denying Plaintiff's Motion For Default Judgment, and set the adversary proceeding for trial. The defendant shall file an answer to the complaint within twenty (20) days of the

receipt of the Order Denying Plaintiff's Motion For Default Judgment.